*506
REVISED OPINION

PER CURIAM.
Consistent with the orders entered in this case on August 14, 2012, August 30, 2012, and October 9, 2012, the opinion dated June 21, 2012, is withdrawn and this revised opinion is substituted in its place.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Judicial Administration and conforming amendments to the Florida Rules of Civil Procedure, the Florida Rules of Criminal Procedure, the Florida Probate Rules, the Florida Rules of Traffic Court, the Florida Small Claims Rules, the Florida Rules of Juvenile Procedure, the Florida Rules of Appellate Procedure, and the Florida Family Law Rules of Procedure and Forms. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The chair of The Florida Bar Rules of Judicial Administration Committee (the RJA Committee), together with the committee chairs for each body of court rules identified above, filed an out-of-cycle report proposing new Florida Rule of Judicial Administration 2.516 (Service of Pleadings and Documents), which would implement mandatory e-mail service for all cases in Florida. The committees also propose amendments to conform existing court rules to new rule 2.516. We adopt the amendments as proposed.
BACKGROUND
In June 2009, each of The Florida Bar’s rules committees was asked to designate one of its members to serve on the Joint E-mail Service Committee (the Joint Committee), tasked to explore the possibility of a comprehensive proposal to implement email service in Florida. In preparing its proposals, the Joint Committee determined that a single rule addressing e-mail service should be placed in the Florida Rules of Judicial Administration. Accordingly, the RJA Committee developed new Florida Rule of Judicial Administration 2.516 (Service of Pleadings and Documents). All of the rules committees have endorsed and approved this rule in concept.[1] The rules committees also have proposed various amendments to conform the other bodies of court rules to rule 2.516. The Florida Bar Board of Governors approved the entire package of proposals by a vote of 36 to 3.
After the joint report was submitted to the Court, the proposals were published for comment. The Court received several comments from members of the Bar, as well as from the Florida Public Defender Association, the Judicial Technology Committee of the Palm Beach County Bar Association, the Family Law Rules Committee, and the Family Law Section of The Florida Bar. The RJA Committee, on behalf of all the rules committees, filed a response to these comments.
While this case was pending before the Court, the rules committees filed a joint out-of-cycle report proposing various rule amendments to implement mandatory electronic filing procedures in Florida courts. See In re Amends, to Fla. Rules of Civ. Pro., Fla. Rules of Jud. Admin., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro-Electronic Filing, No. SC11-399 (Fla. Petition filed Feb. 28, 2011) (In re Electronic Filing). After the oral arguments in this case and in In re Electronic Filing, we determined that certain aspects of these cases warranted further examination. Accordingly, we directed the RJA Committee and the Florida Courts Technology Commission (FCTC) to convene a workgroup[2] *507 and submit a supplemental report addressing several specific areas of concern. See In re Electronic Filing, No. SC111-399 (Fla. order entered Dec. 6, 2011). As is relevant here, we directed the workgroup to address how the implementation plan (for the new electronic filing procedures) proposed in In re Electronic Filing would impact the electronic service requirements proposed here. The RJA Committee and the FCTC filed a supplemental report addressing this concern. There were no comments on the supplemental report.
After considering the original joint report, the comments filed, the issues discussed at oral argument, and the information provided in the supplemental report, we adopt new Florida Rule of Judicial Administration 2.516 as well as the conforming amendments to the rules of procedure, as set forth below.
AMENDMENTS
The central rule adopted in this case is new Florida Rule of Judicial Administration 2.516 (Service of Pleadings and Documents). This rule was modeled after current Florida Rule of Civil Procedure 1.080 (Service of Pleadings and Papers) and includes many of the same provisions and requirements for service. However, new rule 2.516 provides that all documents required or permitted to be served on another party must be served by e-mail. Under subdivision (b)(1) (Service by Electronic Mail (“e-mail”)), upon appearing in a proceeding a lawyer must designate a primary e-mail address, and may designate up to two secondary e-mail addresses, for receiving service. Thereafter, service on the lawyer must be made by e-mail. The rule does permit several limited exceptions to this requirement. A lawyer may file a motion to be excused from e-mail service, demonstrating that he or she has no e-mail account and lacks access to the Internet at the lawyer’s office.[3] Similarly, individuals who are not represented by an attorney may designate an e-mail address for service if they wish; however, pro se litigants are not required to use e-mail service. Additionally, applications for witness subpoenas and documents served by formal notice or required to be served in the manner provided for service of formal notice are not required to comply with rule 2.516.
Subdivision (b)(1) also includes provisions addressing the time and format for e-mail service. Service by e-mail is deemed complete when the e-mail is sent.[4] Additionally, e-mail service is made by attaching a copy of the document to be served in PDF format to an e-mail, or by including in the e-mail a link to the document on a website maintained by the clerk. The e-mail must contain the subject line “SERVICE OF COURT DOCUMENT” in all capital letters, followed by the case number of the relevant proceeding. The body of the e-mail must identify the court in which the proceeding is pending, the case number, the name of the initial party on each side, the title of each document *508 served with that e-mail, and the sender’s name and telephone number. The e-mail and attachments together may not exceed 5 megabytes in size; e-mails that exceed the size requirement must be divided into separate e-mails (no one of which may exceed 5 megabytes) and labeled sequentially in the subject line.
As noted, the other subdivisions in rule 2.516 closely track the language in rule 1.080, modified to reflect the move to email service. Subdivision (c) (Service; Numerous Defendants) describes procedures for service when the parties are “unusually numerous”; subdivision (d) (Filing) requires that all original documents must be filed with the court either before service on the opposing party or immediately thereafter; and subdivision (e) (Filing Defined) states that documents are deemed “filed” when they are filed with the clerk of court. Subdivisions (g) (Service by Clerk) and (h) (Service of Orders) address service of notices or other such documents by the clerk, and service of orders or judgments entered by the court, respectively. These subdivisions authorize, but do not require, the clerks and the courts to utilize e-mail service if they are equipped to do so.
In addition to new rule 2.516, we also amend the rules of procedure to delete existing provisions in the rules describing service, and add new language referencing rule 2.516.
IMPLEMENTATION
As originally proposed in the joint report, rule 2.516 was intended to be both mandatory and uniform, such that e-mail service would be mandatory in all types of cases in Florida. The rules committees also urged the Court to make e-mail service mandatory as soon as practicable.
The Criminal Procedure Rules Committee (CPR Committee) and the Florida Public Defender Association (FPDA) have raised concerns about the move to mandatory e-mail service in criminal cases. The CPR Committee and the FPDA asserted that, until the Court adopts an electronic filing rule, lawyers in the offices of the state attorneys, public defenders, and regional counsel will be required to serve paper documents to the court and electronic copies of the same documents on opposing counsel. The commenters also maintained that the public defenders, state attorneys, and regional counsel have limited budgets which may not be able to support the costs required to immediately upgrade technology and train personnel in order to meet the new requirements.
In the supplemental report submitted to the Court, the workgroup (which included representatives from the both the CPR Committee and FPDA) further clarified this concern. The workgroup recommended that attorneys who practice in the criminal, traffic, and juvenile court systems should be permitted, but not required, to follow e-mail service procedures. It suggested that mandatory e-mail service for practitioners in the criminal, traffic, and juvenile divisions should be delayed until electronic filing is mandatory for this group. See Joint Supplemental Report at 15 (Mar. 6, 2012) (on file with the Court in Case Nos. SC10-2101 and SC11-399).
We accept the workgroup’s recommendation to delay mandatory e-mail service in the criminal, traffic, and juvenile divisions of the trial court until electronic filing is also mandatory in these divisions. Accordingly, the rule amendments that we adopt in this case are effective, nunc pro tunc, September 1, 2012, at 12:01 a.m.; however, they will be implemented as set forth in this opinion.
First, e-mail service will be mandatory for attorneys practicing in the civil, probate, small claims, and family law divisions *509 of the trial courts, as well as in all appellate cases, when the rule amendments take effect on September 1, 2012.
Second, when the rules take effect on September 1, attorneys practicing in the criminal, traffic, and juvenile divisions[5] of the trial court may voluntarily choose to serve documents by e-mail under the new procedures, or they may continue to operate under the existing rules. E-mail service will be mandatory for attorneys practicing in these divisions on October 1, 2013, at 12:01 a.m. (the date on which electronic filing will be mandatory in these divisions). See In re Electronic Filing, No. SC11-399, slip op. at 22 (Fla. June 21, 2012). Additionally, the new e-mail service requirements, as they apply in proceedings brought pursuant to the Florida Mental Health Act (Baker Act), Chapter 394, Part I, Florida Statutes, and the Involuntary Commitment of Sexually Violent Predators Act (Jimmy Ryce), Chapter 394, Part V, Florida Statutes, will also not be mandatory in these cases until October 1, 2013, at 12:01 a.m.[6]
Finally, we note that, pursuant to rule 2.516(b)(1), self-represented parties involved in any type of case in any Florida court, may, but are not required to, serve documents by e-mail. Attorneys excused from e-mail service are also not obligated to comply with the new e-mail service requirements.
CONCLUSION
Accordingly, we adopt new Florida Rule of Judicial Administration 2.516, and amend the Florida Rules of Judicial Administration, the Florida Rules of Civil Procedure, the Florida Rules of Criminal Procedure, the Florida Probate Rules, the Florida Rules of Traffic Court, the Florida Small Claims Rules, the Florida Rules of Juvenile Procedure, the Florida Rules of Appellate Procedure, and the Florida Family Law Rules of Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules.
We also amend the Family Law Forms as set forth in the appendix to this opinion, fully engrossed and ready for use on the effective date of the amendments. The forms can be accessed and downloaded from this Court’s website at www.flcourts. org/gen_public/family/forms_rules/index. shtml. By adopting the amended forms, we express no opinion as to their correctness or applicability. As set forth above, the amendments to the rules and forms are effective, nunc pro tunc, September 1, 2012, at 12:01 a.m.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 1.080. SERVICE OF PLEADINGS, AND PAPERSORDERS, AND DOCUMENTS.
(a) Sendee; When Required, — Unless the court otherwise orders, every pleading *510 subsequent to the. initial pleading and every other-paper filed in the action, except applications for witness-subpoena, shall be served on each party. — No service need be made ■ on- parties-against whom a default has been entered, except that pleadings asserting-new or additional-claims against them shall be served-in-the manner-provided for service of summons.
(b)Sendee; How-Made. When-service is required or permitted-to bemade-upoa a party represented by-an- attorney;-service shall — be-made-upon the attorney unless service upon the party- is ordered by the court. — Service- on the attorney-or-party shall be made by delivering a copy-or mailing it to the attorney or the party-at the-last-known-address or, if no address is Ioiownr-by leaving it with the clerk of the court — Service-by mail shall be complete up on-mailing. — Delivery of ■ a-copy-^within this rule shall be complete upon: (1) handing-it-lo-the attorney-os to the-pa-r-t-y^g) leaving-it-at the attorneys or par-ty-s-office with.a-clerk or other-person in.charge thereof,-(3) if there-is-no one in- charge, leaving-it in a conspicuous place therein, (4)-if-the- office- is -closed- or the-person-to be-served has no office,-leaving'it-at-the person’s ■ usual place of abode with some person-of his or her-family above 45 -years of-age-and informing — such person-of-the contentSror (5)-transmitting it-by-facsimile to-the-attorney-s-or — party’s office-with- a cover sheet containing the sender’s name, firm, address, telephone- numbeiy-and-4ac-simile-nu-mber, ■■ and-the-number-of-pages transmitted. — When-service--is—made—by facsimile, a copy shall — also -be-served — by any other method -permitted by-thls-rule. Facsimile service occurs when transmission-is-complete. — Sendee by delivery shall be deemed complete on the date of the delivery.
(c) Service; — Numerous—Defendants. In actions-when-the parties are unusually numeroasr-the- court may regulate the-service contemplated by these rules on motion or on its initiative in such-manner-as-may be found-to be just and reasonable.
(d) Filing. All original-papers shall be filed with the court either before service-or immediately thereafter, unless otherwise provided for by general law or other rules. If the original of any bond or other paper is not-plaeed in the court file, a certified copy shall-be so placed-by-the clerk.-
(e) Filing Defined. — The filing of papers with-the court-as-required by these rules shall-be made by-filing them-with-the clerlg-eseept that the judge may permit papers to be filed with the judge, in which event the judge shall note the filing date before him- or her on the-papers and-tra-ns-mit them to the clerk. The date of filing is that shown on the face- of-the paperby-the judge’s-notation or-the-elerk’s time stamp, whichever-is earlier.
(f) Certificate of Sendee. — When- any attorney-shall certify in-substance:
“I certify that a copy-hereof has-been furnished-to (here insert name or names) by (delivery) (mail) (fax) on.(date)
Attorney-
the certificate shall be taken as prima facie proof-of — such service-in — compliance-with these rules.
(g) -Service by Clerk, If a party who is not-represented-by an attorney files a paper that does not show sendee of a copy on other parties, the-cierk shall serve a copy of it on other parties as provided-in subdivision (b).
(h) Sendee of Orders,
(1) A copy of all orders or judgments shall be transmitted ■-by the court — or under- its direction -to-all parties at the *511 time of entry-of-the order or — judgment. No service -need.be-made-on — parties against whom-a-default has been-entered except orders setting an action for trial as prescribed-in ■ rule 1.440(c-)-and final judgments that--shall be prepared and served as provided in subdivision (h)(2). The court may require that orders or judgments be prepared by a party, may require the party to furnish' the court with stamped,--addressed envelopes for service of the-order- or judgment, and may require that proposed orders and judgments be furnished to--all parties before entry-by the court of the order or judgment.
(2) When a final judgment-is-entered against a pariy-⅛ default) the-court shall ■mail a conformed copy of it to the party. The-party in-whose-favor the-judgment is-entered shall furnish the court with a copy of the judgment) unless-it-is-prepared by the courtr-and the-address of the party to be served^ — If the address is unknown, the copy need net — be-furnished.-
(3) This subdivislon-is direetory-and a failure to comply with it does-not-affect ■the order or judgment or its finality or any^-proceedings-arising in -the.action.
Committee Notes
1971 Amendment, — Subdivision—(g) is added to cover-the situation when a party responds by a Tetter-to the clerk and the letter-may constitute the party’s answer. The-clerk is then-required to furnish copies-to parties who have appeared in the action and who are not shown to have received copies, — It is not intended to apply to those litigious -persons appearing in proper person -w-ho-are familiar-with the ■requirements of the rules. — Subdivision, (h) is added and the-fírst part regulates the sendee of copies-of- orders. When a party ⅛charged with preparation of an-order, it requires service of-the proposed Term- on other-parties and delivery of sufficient -copies to the court to-be conformed -and-furnished-to all parties after entry The--second — part- is intended to notify defendant whose address is -known of the determination of the-action ⅛-y-the court. Failure to comply with -either-part of subdivision-(h) does-not -affect the order or-judgment in any-manner.
1972 Amendment, — Subdivision (h) is amended-because -confusion has resulted in its application. — Use-of the term “party” has been -misconstrued. — ⅛-must -be-r-ead in-conjunction with subdivision (b)'-of the rule. — When service can be made on an attorney,-it should-be-made on the attorney. The-term “party’’ is used throughout the rules-because-subdivision (b) makes the-necessary substitution of the-party’s attorney throughout-the -rules. — No-certifí-cate of service is required. — The notation with-the-names of-the persons-served-with a proposed-form is not to be signed, — The committee intended for the court -to -know who-had been served only. — Otherwiser-the committee would have used the -form of certifícate of service ■ in subdivision (f). Submission-of-copies-and-mailing-of-them by the court has-proved cumbersome in practice and so it -is-deleted. — The-purpose of-the rule was to ensure that alb-parties had an opportunity — to ■ see the proposed form before entry by the court.
1976 — Amendment.—The—amendment made to -this ■ ruIe-on-July 26, 1972, was intended according-to-the committee -notes “[t]o assure that all parties had an-opportunity to see the proposed form — before entry by the Court.” — This change followed on the heels of the 1971 amendment, whieh-the- committee-felt had been-confusing. Two-changes-have-been made-to-subdivision (h)(1), which have resulted in a wholesale redrafting of the rule. — First, *512 the pro-vision requiring — the ■ submission-of proposed orders-to all counsel prior — to entry by the court has been deleted).any inaccuracies in an- order-submitted to-lhe court being remediable — either by-the court’s own vigilance or later application by an interested party-; — gecondIyrthe-r-aIe now requires that conformed copies of-any order entered by the-court must-be-mailed to all-parties of record in-all instances-(and to defaulted parties in-2-specifíed-instanc-es), for-purposes of-advising them of the date of 'the court’s-aetion as well as the substance of such action; — Nothing in-this new rule is meant to limit the power of-the court to delegate the ministerial function of preparing orders.
1992 Amendment. — Subdivisions (b)-and (f)are amended to-allow- service-pursuant to this-r-ule to be-made by facsimile. “Fac-simiIe”-or-“fax” is-a copy of a paper transmitted by electronic ■means to a printer receiving-the transmission at a designated telephone number. — When service is made by facsimile or fax-y-a-seeond copy-must-be served-by any other-method permitted-by this rule-to ensure-that-a legible -copy-is received*
Court Commentary
1984-^Amendment, — The -committee is recommending — an—amendment—to—rede 1.530(b)-to cure ■ the-confusion created-by Casto v. Casto, 404 So.2d 1046 (Fla. 4th DCA 1980). — That recommendation ro-quires-an-amendment-to-rule 1.080(e)-spec-ilying that the date of-filing is that shown on the face of the paper■■
Every pleading subsequent to the initial pleading and every other document filed in the action must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516.
RULE 1.170. COUNTERCLAIMS AND CROSSCLAIMS
(a)-(f) [No Change]
(g) Crossclaim against Co-Party. A pleading may state as a crossclaim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or a counterclaim therein, or relating to any property that is the subject matter of the original action. The crossclaim may include a claim that the party against whom it is asserted is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant. Service of a crossclaim on a party who has appeared in the action shall be made pursuant to rule 1.080(b). Service of a crossclaim against a party who has not appeared in the action shall be made in the manner provided for service of summons.
(h)-(j) [No Change]
Committee Notes
1972-1988 Amendments. [No Change]
2012 Amendment. Subdivision (g) is amended to reflect the relocation of the service rule from rule 1.080 to Fla. R. Jud. Admin. 2.516.
RULE 1.351. PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION
(a) [No Change]
(b) Procedure. A party desiring production under this rule shall serve notice as provided in rule 1.080 on every other party of the intent to serve a subpoena under this rule at least 10 days before the subpoena is issued if service is by delivery and 15 days before the subpoena is issued if the service is by mail or e-mail. The proposed subpoena shall be attached to the notice and shall state the time, place, and method for production of the documents or *513 things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs; shall include a designation of the items to be produced; and shall state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. A copy of the notice and proposed subpoena shall not be furnished to the person upon whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice, the documents or things shall not be produced pending resolution of the objection in accordance with subdivision (d).
(c)-(f) [No Change]
Committee Notes
1980 Adoption. [No Change]
1996-2010 Amendments. [No Change]
2012 Amendment. Subdivision (b) is amended to include e-mail service as provided in Fla. R. Jud. Admin. 2,516.
RULE 1.410. SUBPOENA
(a)-(b) [No Change]
(c) For Production of Documentary Evidence. A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein, but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive, or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things. A party seeking production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party as provided in rule 1.080(b). Such notice shall have the same effect and be subject to the same limitations as a subpoena served on the party.
(d)-(h) [No Change]
Committee Notes
1972-1996 Amendments. [No Change]
2012 Amendment. Subdivision (c) is amended to reflect the relocation of the service rule from rule 1.080 to Fla. R. Jud. Admin. 2.516.
RULE 1.440. SETTING ACTION FOR TRIAL
(a)-(b) [No Change]
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 80 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080(a).
(d) [No Change]
Committee Notes
1972-1988 Amendments. [No Change]
2012 Amendment. Subdivision (c) is amended to reflect the relocation of the service rule from rule 1.080 to Fla. R. Jud. Admin. 2.516.
*514 Court Commentary
[No Change]
RULE 1.442. PROPOSALS FOR SETTLEMENT
(a)-(b) [No Change]
(c) Form and Content of Proposal for Settlement.
(1) [No Change]
(2) A proposal shall:
(A)-(F) [No Change]
(G) include a certificate of service in the form required by rule 1.080(f).
(3)-(4) [No Change]
(d)-(j) [No Change]
Committee Notes
1996-2000 Amendments. [No Change]
2012 Amendment. Subdivision (c)(2)(G) is amended to reflect the relocation of the service rule from rule 1.080 to Fla. R. Jud. Admin. 2,516.
RULE 1.510. SUMMARY JUDGMENT
(a)-(b) [No Change]
(c) Motion and Proceedings Thereon. The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence (“summary judgment evidence”) on which the movant relies. The movant shall serve the motion at least 20 days before the time fixed for the hearing, and shall also serve at that time a copy of any summary judgment evidence on which the movant relies that has not already been filed with the court. The adverse party shall identify, by notice mailed to the-movanfis attorney served pursuant to rule 1.080 at least 5 days prior to the day of the hearing, or delivered no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies. To the extent that summary judgment evidence has not already been filed with the court, the adverse party shall serve a copy on the mov-ant by mailpursuant to rule 1.080 at least 5 days prior to the day of the hearing, or by delivery to the movant’s attorney no later than 5:00 p.m. 2 business days prior to the day of hearing. The judgment sought shall be rendered forthwith if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
(d)-(g) [No Change]
Committee Notes
1976-2005 Amendments. [No Change]
2012 Amendment. Subdivision (c) is amended to reflect the relocation of the service rule from rule 1.080 to Fla. R. Jud. Admin. 2,516.
RULE 1.630. EXTRAORDINARY REMEDIES
(a)-(c) [No Change]
(d) Process. If the complaint shows a prima facie case for relief, the court shall issue:
(1) a summons in certiorari;
(2) an order nisi in prohibition;
(3) an alternative writ in mandamus that may incorporate the complaint by reference only;
(4) a writ of quo warranto; or
(5) a writ of habeas corpus.
*515 The writ shall be served in the manner prescribed by law, except the summons in certiorari shall be served as provided in rule 1.080(b).
(e) [No Change]
Committee Note
2012 Amendment. Subdivision (d)(5) is amended to reflect the relocation of the service rule from rule 1.080 to Fla. R. Jud. Admin. 2.516. •
Court Commentary
[No Change]
RULE 2.515. SIGNATURE OF ATTORNEYS AND PARTIES
(a)Attorney Signature. Every pleading and other paperdocument of a party represented by an attorney shall be signed by at least 1 attorney of record in that attorney’s individual name whose current record Florida Bar address, telephone number, including area code, primary email address and secondary e-mail addresses, if any, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida or who shall have received permission to appear in the particular case as provided in rule 2.510. The attorney may be required by the court to give the address of, and to vouch for the attorney’s authority to represent, the party. Except when otherwise specifically provided by an applicable rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by the attorney that the attorney has read the pleading or other paperdocument; that to the best of the attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or other paper document had not been served.
(b) [No Change]
(c) Form of Signature.
(1) The signatures required on pleadings and papersdocuments by subdivisions (a) and (b) of this rule may be:
(A) original signatures;
(B) original signatures that have been reproduced by electronic means, such as on electronically transmitted documents or photocopied documents; er
(C) electronic signatures using the 7s/,” “s/,” or 7s” formats by or at the direction of the person signing; or
(Q)(D) any other signature format authorized by general law, so long as the clerk where the proceeding is pending has the capability of receiving and has obtained approval from the Supreme Court of Florida to accept pleadings and papersdocuments with that signature format.
(2) [No Change]
RULE 2.516 SERVICE OF PLEADINGS AND DOCUMENTS
(a) Service; When Required. Unless the court otherwise orders, or a statute or supreme court administrative order specifies a different means of service, every pleading subsequent to the initial pleading and every other document filed in any court proceeding, except applications for witness subpoenas and documents served by formal notice or required to be served in the manner provided for service of formal notice, must be served in accordance with this rule on each party. No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them must be served in the manner provided for service of summons.
*516 (b) Service; How Made. When service is required or permitted to be made upon a party represented by an attorney, service must be made upon the attorney unless service upon the party is ordered by the court.
(1) Service by Electronic Mail (“email”). All 1 documents required or permitted to be served on another party must be served by e-mail, unless this rule otherwise provides. When, in addition to service by e-mail, the sender also utilizes another means of service provided for in subdivision (b)(2), any differing time limits and other provisions applicable to that other means of service control.
(A) Service on Attorneys. Upon appearing in a proceeding, an attorney must serve a designation of a primary e-mail address and may designate no more than two secondary email addresses. Thereafter, service must be directed to all designated email addresses in that proceeding. Every document filed by an attorney thereafter must include the primary email address of that attorney and any secondary e-mail addresses. If an attorney does not designate any e-mail address for service, documents may be served on that attorney at the email address on record with The Florida Bar.
(B) Exception to E-mail Service on Attorneys. Service by an attorney on another attorney must be made by e-mail unless excused by the court. Upon motion by an attorney demonstrating that the attorney has no email account and lacks access to the Internet at the attorney’s office, the court may excuse the attorney from the requirements of e-mail service. Service on and by an attorney excused by the court from e-mail service must be by the means provided in subdivision (b)(2) of this rule.
(C) Service on and by Parties Not Represented by an Attorney. Any party not represented by an attorney may serve a designation of a primary e-mail address and also may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding by the means provided in subdivision (b)(1) of this rule. If a party not represented by an attorney does not designate an e-mail address for service in a proceeding, service on and by that party must be by the means provided in subdivision (b)(2) of this rule.
(D) Time of Service. Service by e-mail is complete when it is sent.
(i) An e-mail is deemed served on the date it is sent.
(ii) If the sender learns that the email did not reach the address of the person to be served, the sender must immediately send another copy by e-mail, or by a means authorized by subdivision (b)(2) of this rule.
(iii) E-mail service is treated as service by mail for the computation of time.
(E) Format of E-mail for Service. Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.
(i) All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words “SERVICE OF COURT DOCUMENT” in all capital letters, followed by the case *517 number of the proceeding in which the documents are being served.
(ii) The body of the e-mail must identify the court in which the proceeding is pending, the case number, the name of the initial party on each side, the title of each document served with that e-mail, and the sender’s name and telephone number.
(iii) Any document served by e-mail may be signed by any of the “/s/,” ‘7s,” or “s/” formats, as long as the filed original is signed in accordance with the applicable rule of procedure.
(iv) Any e-mail which, together with its attached documents, exceeds five megabytes (5MB) in size, must be divided and sent as separate emails, no one of which may exceed 5MB in size and each of which must be sequentially numbered in the subject line.
(2) Service by Other Means. In addition to, and not in lieu of, service by email, service may also be made upon attorneys by any of the means specified in this subdivision (b)(2). Service on and by all parties who are not represented by an attorney and who do not designate an e-mail address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or attorney at their last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail is complete upon mailing. Delivery of a copy within this rule is complete upon:
(A) handing it to the attorney or to the party,
(B) leaving it at the attorney’s or party’s office with a clerk or other person in charge thereof,
(C) if there is no one in charge, leaving it in a conspicuous place therein,
(D) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with some person of his or her family above 15 years of age and informing such person of the contents, or
(E) transmitting it by facsimile to the attorney’s or party’s office with a cover sheet containing the sender’s name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy must also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete.
(F) Service by delivery shall be deemed complete on the date of the delivery.
(c) Service; Numerous Defendants. In actions when the parties are unusually numerous, the court may regulate the service contemplated by these rules on motion or on its own initiative in such manner as may be found to be just and reasonable.
(d) Filing. All original documents must be filed with the court either before service or immediately thereafter, unless otherwise provided for by general law or other rules. If the original of any bond or other document is not placed in the court file, a certified copy must be so placed by the clerk.
(e) Filing Defined. The filing of documents with the court as required by these rules must be made by filing them with the clerk, except that the judge may permit *518 documents to be filed with the .judge, in which event the judge must note the filing date before him or her on the documents and transmit them to the clerk. The date of filing is that shown on the face of the document by the .judge’s notation or the clerk’s time stamp, whichever is earlier.
(f) Certificate of Service. When any attorney certifies in substance:
“I certify that a copy hereof has been furnished to (here insert name or names and addresses used for service) by (e-mail) (delivery) (mail) (fax) on.(date)
Attorney”
the certificate is taken as prima facie proof of such service in compliance with this rule.
(g) Service by Clerk. When the clerk is required to serve notices and other documents, the clerk may do so by e-mail as provided in subdivision (b)(1) or by any other method permitted under subdivision (b)(2). Service by a clerk is not required to be by e-mail.
(h) Service of Orders.
(1)A copy of all orders or .judgments must be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. No service need be made on parties against whom a default has been entered except orders setting an action for trial and final judgments that must be prepared and served as provided in subdivision (h)(2). The court may require that orders or judgments be prepared by a party, may require the party to furnish the court with stamped, addressed envelopes for service of the order or judgment, and may require that proposed orders and .judgments be furnished to all parties before entry by the court of the order or judgment. The court may serve any order or judgment by e-mail to all attorneys who have not been excused from e-mail service and to all parties not represented by an attorney who have designated an e-mail address for service.
(2) When a final judgment is entered against a party in default, the court must mail a conformed copy of it to the party. The party in whose favor the judgment is entered must furnish the court with a copy of the judgment, unless it is prepared by the court, with the address of the party to be served. If the address is unknown, the copy need not be furnished.
(3) This subdivision is directory and a failure to comply with it does not affect the order or judgment, its finality, or any proceedings arising in the action.
RULE 3.030. SERVICE OF PLEADINGS AND PAPERS
(a) Sendee; — When—Required,—Every pleading subsequent to the initial indictment or information on which a defendant is to be tried unless the court otherwise orders, and every order not entered in open court, every written motion unless it is one about which a hearing ex parte is authorized, and every written notice, demand, and similar paper shall be served on each party in conformity with Florida Rule of Judicial Administration 2.516; however, nothing herein shall be construed to require that a plea of not guilty shall be in writing.
(b)-Same; How Made. When service is required or permitted — to be made on a party-represented-by an- attorney,-the-service shall-be made on the attorney unless service-on the party is ordered by — the court. — Service on the attorney or on a party shall be made-by-delivering a copy to the party- or by mailing it to the party’s last-known address, or,' if no address is *519 known) by leaving-it-with---the clerk of the court- who ■ shall place it in the court file. Delivery of a copy within this rule shall mean;-
(1) handing it to the attorney or to the party; or
(2)-leaving it-at-the-attorney’s office with the secretary or other person in charge; or
(3) if there is no one in charge, leaving it in a conspicuous place therein; — or
(4) if the office is closed or the person to- be served has no office, leaving it at the person’s usual place of- abode with-a family member above 15 ■years of — age and informing that person.of the-contents. — Service by mail shall be considered-complete upon-mailing; or
(5) transmitting it — electronically to each-party with-a-cover sheet indicating ■the sender’s name, bar-number, -fern-, address, telephone number, facsimile or modem number, and the. number — of pages transmitted, — Electronic service occurs when transmission of the last page is complete-.- ■ Service by delivery or electronic transmission after 5:00 p.m. shall be deemod-to-have'been made-on the next day that-is not a Saturday, Sunday, or legal holiday.
(c) Filing. All original papers, copies-of which are required-to-be served on parties, ■must be filed with-the-court either before sendee or-immediately thereafter.
(d-)-Filing with.-the Court Defined. The-filing of pleadings and-other papers with-the court as -required by-these -rules shall be made -by fdmg-them with the clerk of the court, except.that the judge may permit-the papers-to- be filed-with him-or hegy-in- which event the judge shall-note thereon the-filing date ■ and transmit them to the office of the-clerk. — Unless any-omle expressly provides to the contrary, filing-of pleadings and-other papers with-the court may-be made-by electronic transmission provided for and in accordance with tho -F-lorida Rules-of Judicial Administration.
<-e) Certificate of Sendee. — When any attorney shall in substance certify:
I do certify that -a copy (copies) hereof (has)-(have)-been furnished to (here insert ■name or names) by (delivery)-(mail) on th. (date)-.'■■■■■..
Attorney
the-certifícate-shall be taken as-prima facie proof of service in compliance- with all rules' of eourt-and law.
Committee Notes
[No Change]
RULE 3.070. ADDITIONAL TIME AFTER SERVICE BY MAIL OR E-MAIL
Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper on the party and the notice or paper is served on the party by mail or e-mail, 3 days shall be added to the prescribed period.
Committee Notes
[No Change]
RULE 3.852. CAPITAL POSTCONVICTION PUBLIC RECORDS PRODUCTION
(a)-(b) [No Change]
(c) Filing and Service.
(1) [No Change]
(2) Service shall be made pursuant to Florida Rule of Criminal Procedure 3.030(b)*
(3) — (4) [No Change]
(d)-(m) [No Change]
*520 RULE 5.030. ATTORNEYS
(a)-(c) [No Change]
Committee Notes
[No Change]
Rule History
1975-2010 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.041(b) Service of plead-
Fla. Prob. R. 5.110(b), (c) Resident agent.
Fla. R. Jud. Admin. 2.505 Attorneys.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
Fla. R.App. P. 9.440 Attorneys.
RULE 5.040. NOTICE
(a) [No Change]
(b) Informal Notice. When informal notice of a petition or other proceeding is required or permitted, it shall be served as provided in rule 5.041(b).
(c)-(d) [No Change]
Committee Notes
[No Change]
Rule History
1975-2010 Revisions: [No Change]
2012 Revision: Subdivision (b) revised to reflect amendment to rule 5.041.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.
Fla. R. Jud. Admin. 2.505 Attorneys.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
Fla. R. Civ. P. 1.070 Process.
Fla. R. Civ. P. Form 1.902 Summons.
RULE 5.041. SERVICE OF PLEADINGS AND P-APERSDOCU-MENTS
(a-)-Service; When Required. Unless the court orders otherwise, every petition or motion for an order determining rights of an interested person, and every other pleading or paperdocument filed in the particular proceeding which is the subject matter of such petition or motion,' except applications for witness subpoenas, shall be served on interested persons as set forth in Florida Rule of Judicial Administration 2.516 unless these rules, the Florida Probate Code, or the Florida Guardianship Law provides otherwise. No service need be made on interested persons against whom a default has been entered, or against whom the matter may otherwise proceed ex parte, unless a new or additional right or demand is asserted. For pur *521 poses of this rule an interested person shall be deemed a party under rule 2.516.
(b)Sendee; How -Made. When service ■is-required or permitted-to be made on-an interested person represented-by-an attorney, service shall be made on-the attorney-■unless sendee on the ■ interested person is ordered -by the cou-r-k — Except when serving formal-notice) or when-serving a-mo-⅛⅝-pleading) or other-paper in the -manner provided for sendee of-formal -notice,service-■ shall be made by delivering or mailing-a copy of the-motion, pleading, or other paper to the- attorney-or- interested-person-at the last -known -address or, -if no address is-known, leaving it with the clerk-of-the -court. If the interested person is a minor whose disabilities of nonage are not removed, and who is not represented by an attorney, then service shall be on the persons designated to accept service of process on a minor under chapter 48, Florida Statutes. Service by mail shall be -complete upon mailing-except when serving formal-notice or when making- serviee-in the manner- of formal -notice. Delivery of a copy within this rule shall — be- complete upon
(-l-)-handing it-to-the attorney or to the-interested person; or
(2) leaving it at-the-attorney’s or-interested person’s-office with a clerk or other person in charge-thereof; or
(g-)-if there is -no - one in charge, leaving-it-in -a conspicuous place therein; or
(4) if the office is closed-or-the person-to-be served has no office^ leaving-it-at the-person’s usual- place of abode with some person of ⅛⅛-or-her family above -1-5-years of age and informing that-person of the contontsj-or-
(-5) ■ transmitting it by facsimile to-the attorney’s or interested person’s office with a cover sheet-containing the send-ees-name, firm, address, telephone number, facsimile-number, and-the-number of pages transmitted. — When delivery is made by facsimile, a copy shall-also be served by any other method-permitted by-this rule, — Facsimile- delivery- occurs when transmission is complete.
Service by delivery after 4:6Q-pun, shall be-deemed-te-have been made-on-the next day-that is-not a Saturday,-Sunday, or legal holiday-.-
(c)- Sendee;-Numerous — Interested Persons. — I-n--proceedings-when-the interested-persons-are unusually numerous, the cour-t-may regulate the service contemplated — by- these-r-ules on motion or on its initiative in-a-manner as may-be-Tound- to be just and reasonable.
(d) Filingr All original papers-shall be ■filed either-before service or-immediately ■thereafter. — If the original of any- bond or other paper-is - not placed in the-court file, a- certified copy- shall be so placed-by the eler-k.
(e) Filing With Court Defined. — The filing of papers-with-the court-as required ■by these rules shall-be-made by-filing them with the clerk, except that the judge may permit the — papers to be filed — with -the judge in which event-the judge-shall note -the filing date and transmit the-papers to the clerk, — The date of filing is-that-shown on ■ the face-of each paper by-the-judge’s notation or the clerk’s time stampi whichever is earlier.
(Ill-Certificate- of Sendee. — When any attorney shalbeertify in substance;
“I certify-that a-copy- hereof — has.been served on (here-insert name or- names) by (delivery) (mail-)-(-fax) on (date).-
Attorney”
the certificate shall-be takea-as-prima facie proof of service-in compliance with these -rules -except- in case of formal notice or service in-the manner of formal-notice. *522 A person not represented by an attorney shall certify in-the same manner, but the certificate must be-varifiedT
(g) Sendee of Orders.
(1) A copy of all orders or judgments determining-rights of an interested-person shall be transmitted by the court or under its direction at the time-of-entry of the order or judgment to all interested persons in the-particular proceeding.
(2) This subdivision (g)-is directory, and a failure to comply with it -does-not affeet-the order-or-judgment or its finali-
Committee Notes
[No Change]
Rule History
1984-2010 Revisions: [No Change]
2012 Revision: Portions of subdivision (b) and all of subdivisions (d), (e), (f), and (g) deleted in response to creation of Rule 2.516 of the Rules of Judicial Administration. Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.150(c) Order requiring accounting.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.240(a) Notice of administration.
Fla. Prob. R. 5.340(d) Inventory.
Fla. Prob. R. 5.550 Petition to determine incapacity.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.
Fla. R. Civ. P. 1.080 Service of pleadings and papers.
Fla. R. Jud. Admin. 2.505 Attorneys.
Fla. R. Jud. Admin. 2,516 Service of pleadings and documents.
RULE 5.060. REQUEST FOR NOTICES AND COPIES OF PLEADINGS
(a)-(b) [No Change]
Committee Notes
Rule History
1975-2010 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.340 Inventory.
Fla. Prob. R. 5.341 Estate information.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.120. ADMINISTRATOR AD LITEM AND GUARDIAN AD LITEM
(a)-(b) [No Change]
(c) Notice. Within 10 days after appointment, the petitioner shall deliver or maiiserve conformed copies of the petition *523 for appointment of a guardian ad litem and order to any guardian, or if there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor, person with a developmental disability, or incapacitated person.
(d) Report. The guardian ad litem shall deliver or mailserve conformed copies of any written report or finding of the guardian ad litem’s investigation and answer filed in the proceedings, petition for compensation and discharge, and the notice of hearing on the petition to any guardian, or in the event that there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor, person with a developmental disability, or incapacitated person.
(e) Service of Petition and Order. Within 10 days after appointment, the petitioner for an administrator ad litem shall deliver or mailserve conformed copies of the petition for appointment and order to the attorney of record of each beneficiary and to each known beneficiary not represented by an attorney of record.
(f)-(g) [No Change]
Committee Notes
Rule History
1977-2008 Revisions: [No Change]
2012 Revision: The phrase “deliver or mail” in subdivisions (c), (d), and (e) has been replaced with the word “serve” to comply with other rules relating to service of pleadings and documents. Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.041 Service of pleadings and documents.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.200. PETITION FOR ADMINISTRATION
The petition for administration shall be verified by the petitioner and shall contain:
(a)-Q) [No Change]
Committee Notes
Rule History
1977-2011 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.201 Notice of petition for administration.
Fla. R. Jud. Admin. 2.516 Service of
pleadings and documents.
RULE 5.340. INVENTORY
(a)-(c) [No Change]
(d) Service. The personal representative shall serve a copy of the inventory and all supplemental and amended inventories on the surviving spouse, each heir at law in an intestate estate, each residuary beneficiary in a testate estate, and any other interested person who may request it in writing. The personal representative shall file proof of such service.
(e)-(h) [No Change]
*524 Committee Notes
[No Change]
Rule History
1980-2010 Revisions: [No Change]
2012 Revision: The last sentence of
subdivision (d) is deleted to remove dupli-cative requirement of filing a proof of service for a document which includes a cer-tifícate of service as provided in Fla. R. Jud. Admin. 2.516. If service of the inventory is by service in the manner provided for service of formal notice, then proof of service should be filed as provided in rule 5.040(a)(5). Committee notes revised.
Constitutional Reference
[No Change]
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.360 Elective share.
Fla. Prob. R. 5.405 Proceedings to determine homestead real property.
Fla. R. Jud. Admin. 2,516 Service of pleadings and documents.
RULE 5.342. INVENTORY OF SAFE-DEPOSIT BOX
(a)-(b) [No Change]
(c) Service. The personal representative shall serve a copy of the inventory on the surviving spouse, each heir at law in an intestate estate, each residuary beneficiary in a testate estate, and any other interested person who may request it in writing. The personal-representative-shall file proof of such service.'
Committee Notes
[No Change]
Rule History
2003 Revision: [No Change]
2012 Revision: The last sentence of subdivision (c) is deleted to remove dupli-cative requirement of filing a proof of service for a document which includes a certificate of service as provided in Fla. R. Jud. Admin. 2.516. If service of the inventory is by service in the manner provided for service of formal notice, then proof of service should be filed as provided in rule 5.040(a)(5). Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.340 Inventory.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.350. CONTINUANCE OF UNINCORPORATED BUSINESS OR VENTURE
(a)-(d) [No Change]
Committee Notes
Rule History
1975-1992 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory Reference
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
*525 Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. R. Jud. Admin. 2.516 Service of
pleadings and documents.
RULE 5.355. PROCEEDINGS FOR REVIEW OF EMPLOYMENT OF AGENTS AND COMPENSATION OF PERSONAL REPRESENTATIVES AND ESTATE EMPLOYEES
[No Change]
Committee Notes
[No Change]
Rule History
1988-2007 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.360. ELECTIVE SHARE
(a)-(e) [No Change]
Committee Notes
[No Change]
Rule History
1984-2010 Out-of-Cycle Report Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.340 Inventory.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
Fla. R.App. P. 9.020(h) Definitions.
RULE 5.370. SALES OF REAL PROPERTY WHERE NO POWER CONFERRED
(a)-(b) [No Change]
Committee Notes
[No Change]
Rule History
1984-1996 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.180 Waiver and consent. Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.380. COMPULSORY PAYMENT OF DEVISES OR DISTRIBUTIVE INTERESTS
(a)-(c) [No Change]
Committee Notes
Rule History
*526 1984-2003 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.385. DETERMINATION OF BENEFICIARIES AND SHARES
(a)-(c) [No Change]
Committee Notes
[No Change]
Rule History
1988-2007 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. Rule 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.120 Administrator ad litem and guardian ad litem.
Fla. Prob. R. 5.205(a)(5) Filing evidence of death.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.386. ESCHEAT
(a)-(c) [No Change]
Committee Notes
[No Change]
Rule History
1988-2003 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.385 Determination of beneficiaries and shares.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.400. DISTRIBUTION AND DISCHARGE
(a)-(e) [No Change]
Committee Notes
[No Change]
Rule History
1980-2007 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
*527 Fla. Prob. R. 5.041 Service of pleadings and paparsdocuments.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.380 Execution by personal representative.
Fla. Prob. R. 5.346 Fiduciary accounting.
Fla. Prob. R. 5.401 Objections to petition for discharge or final accounting.
Fla. R. Jud. Admin. 2.250(a)(1)(D) Time standards for trial and appellate courts and reporting requirements.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.401. OBJECTIONS TO PETITION FOR DISCHARGE OR FINAL ACCOUNTING
(a)-(f) [No Change]
Committee Notes
Rule History
1984-2007 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.400 Distribution and discharge.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.402. NOTICE OF LIEN ON PROTECTED HOMESTEAD
(a)-(c) [No Change]
Committee Notes
Rule History
2005 Revision: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.403 Proceedings to determine amount of lien on protected homestead.
Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.
Fla. Prob. R. 5.405 Proceedings to determine protected homestead real property-
Fla. R. Jud. Admin. 2,516 Service of pleadings and documents.
RULE 5.403. PROCEEDINGS TO DETERMINE AMOUNT OF LIEN ON PROTECTED HOMESTEAD
(a)-(c) [No Change]
Committee Notes
Rule History
2005 Revision: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.040 Notice.
*528 Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.402 Notice of lien on protected homestead.
Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.
Fla. Prob. R. 5.405 Proceedings to determine protected homestead real property-
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.405. PROCEEDINGS TO DETERMINE PROTECTED HOMESTEAD REAL PROPERTY
(a)-(c) [No Change]
Committee Notes
[No Change]
Rule History
1984-2010 Revisions: [No Change]
2012 Revision: Committee notes revised.
Constitutional Reference
[No Change]
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.205(a)(6) Filing evidence of death.
Fla. Prob. R. 5.340 Inventory.
Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.406. PROCEEDINGS TO DETERMINE EXEMPT PROPERTY
(a)-(c) [No Change]
Committee Notes
[No Change]
Rule History
1984-2010 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.420 Disposition of personal property without administration.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.407. PROCEEDINGS TO DETERMINE FAMILY ALLOWANCE
(a) [No Change]
(b) Contents. The petition shall be verified by the petitioner and shall:
(1) state the names and addresses of the decedent’s surviving spouse and the decedent’s lineal heirs who were being supported by the decedent or who were entitled to be supported by the decedent at the time of faisthe decedent’s death, stating the dates of birth of those who are minors; and
*529 (2) for each person for whom an allowance is sought, state the person’s name and relationship to the decedent, the basis on which the allowance is claimed, and the amount sought.
(c) [No Change]
Committee Notes
Rule History
2003 Revision: [No Change]
2012 Revision: Editorial change in (b)(1) for gender neutrality. Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.430. RESIGNATION OF PERSONAL REPRESENTATIVE
(a)-(k) [No Change]
Committee Notes
[No Change]
Rule History
1975-2007 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.310 Disqualification of personal representative; notification.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.345 Accountings other than personal representatives’ final ac-countings.
Fla. Prob. R. 5.346 Fiduciary accounting.
Fla. Prob. R. 5.401 Objections to petition for discharge or final accounting.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.440. PROCEEDINGS FOR REMOVAL OF PERSONAL REPRESENTATIVE
(a)-(d) [No Change]
Committee Notes
[No Change]
Rule History
1980-2010 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.150 Order requiring accounting.
*530 Fla. Prob. R. 5.310 Disqualification of personal representative; notification.
Fla. Prob. R. 5.345 Accountings other than personal representatives’ final ac-countings.
Fla. Prob. R. 5.346 Fiduciary accounting.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.460. SUBSEQUENT ADMINISTRATION
(a)-(c) [No Change]
Committee Notes
[No Change]
Rule History
1984-2003 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory Reference
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. R. Jud. Admin. 2,516 Service of pleadings and documents.
RULE 5.470. ANCILLARY ADMINISTRATION
(a)-(c) [No Change]
Committee Notes
Rule History
1975-2010 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.
Fla. Prob. R. 5.205(a)(2) Filing evidence of death.
Fla. Prob. R. 5.215 Authenticated copy of will.
Fla. Prob. R. 5.240 Notice of administration.
Fla. Prob. R. 5.241 Notice to creditors.
Fla. Prob. R. 5.475 Ancillary administration, short form.
Fed.R.Civ.P. 44(a) Proving an official record.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.475. ANCILLARY ADMINISTRATION, SHORT FORM
(a)-(f) [No Change]
Committee Notes
[No Change]
Rule History
1988-2005 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
*531 Fla. Prob. R. 5.041 Service of pleadings and paparsdocuments.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.
Fla. Prob. R. 5.205(a)(2) Filing evidence of death.
Fla. Prob. R. 5.215 Authenticated copy of will.
Fla. Prob. R. 5.240 Notice of administration.
Fla. Prob. R. 5.241 Notice to creditors.
Fla. Prob. R. 5.470 Ancillary administration.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.496. FORM AND MANNER OF OBJECTING TO CLAIM
(a)-(c) [No Change]
Committee Notes
[No Change]
Rule History
1992-2010 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.498 Personal representative’s proof of claim.
Fla. Prob. R. 5.499 Form and manner of objecting to personal representative’s proof of claim.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.498. PERSONAL REPRESENTATIVE’S PROOF OF CLAIM
(a)-(b) [No Change]
Committee Notes
[No Change]
Rule History
2005-2007 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References [No Change]
Rule References
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.499 Form and manner of objecting to personal representative’s proof of claim.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.499. FORM AND MANNER OF OBJECTING TO PERSONAL REPRESENTATIVE’S PROOF OF CLAIM
(a)-(e) [No Change]
Committee Notes
[No Change]
Rule History
2005-2007 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory Reference
[No Change]
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
*532 Fla. Prob. R. 5.496 Form and manner of objecting to claim.
Fla. Prob. R. 5.498 Personal representative’s proof of claim.
Fla. R. Jud. Admin. 2,516 Service of
pleadings and documents.
RULE 5.510. ESTABLISHMENT AND PROBATE OF LOST OR DESTROYED WILL
(a)-(e) [No Change]
Committee Notes
[No Change]
Rule History
1977-2003 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory Reference
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.200 Petition for administration.
Fla. R. Jud. Admin. 2,516 Service of pleadings and documents.
RULE 5.530. SUMMARY ADMINISTRATION
(a)-(d) [No Change]
Committee Notes
[No Change]
Rule History
1977-2011 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References [No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.205(a)(3) Filing evidence of death.
Fla. R. Jud. Admin. 2,516 Service of pleadings and documents.
RULE 5.620. INVENTORY
(a)-(e) [No Change]
Committee Notes
Rule History
1977-2008 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.690 Initial guardianship report.
Fla. Prob. R. 5.700 Objection to guardianship reports.
*533 Fla. R. Jud. Admin. 2.516 Service of
pleadings and documents.
RULE 5.630. PETITION FOR APPROVAL OF ACTS
(a)-(c) [No Change]
Committee Notes
Rule History
1975-2008 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.636 Settlement of minors’ claims.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.650. RESIGNATION OR DISQUALIFICATION OF GUARDIAN; APPOINTMENT OF SUCCESSOR
(a)-(k) [No Change]
Committee Notes
Rule History
1975-2008 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.660. PROCEEDINGS FOR REMOVAL OF GUARDIAN
(a)-(e) [No Change]
Committee Notes
Rule History
1977-2008 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041(b) Service of pleadings and papersdocuments.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
*534 RULE 5.670. TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD
(a)-(h) [No Change]
Committee Notes
Rule History
1977-2008 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.680 Termination of guardianship.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.680. TERMINATION OF GUARDIANSHIP
(a)-(g) [No Change]
Committee Notes
Rule History
1975-2008 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.552 Voluntary guardianship of property.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.690. INITIAL GUARDIANSHIP REPORT
(a)-(b) [No Change]
Committee Notes
[No Change]
Rule History
1991-1992 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.620 Inventory.
Fla. Prob. R. 5.700 Objection to guardianship reports.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.695. ANNUAL GUARDIANSHIP REPORTS
(a)-(b) [No Change]
*535 Committee Notes
[No Change]
Rule History
1975-2006 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.552 Voluntary guardianship of property.
Fla. Prob. R. 5.555 Guardianships of minors.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.700 Objection to guardianship reports.
Fla. Prob. R. 5.800(b) Application of revised chapter 744 to existing guardian-ships.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.696. ANNUAL ACCOUNTING
(a)-(c) [No Change]
Committee Notes
Rule History
1991-2010 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.041 Service of pleadings and papersdocuments.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.695 Annual guardianship report.
Fla. Prob. R. 5.700 Objection to guardianship reports.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.700. OBJECTION TO GUARDIANSHIP REPORTS
(a)-(c) [No Change]
Committee Notes
Rule History
1975-2008 Revisions: [No Change]
2012 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.041 Service of pleadings
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
*536 RULE 6.370. ADDITIONAL TIME AFTER SERVICE BY MAILOTHER THAN BY HAND DELIVERY
Whenever a defendant has a right or is required to do some act or take-some proceedingswithin a prescribed period after service of a notice or other paperdocument and the notice or paperdocument is served by maila method other than hand delivery, 5 days shall be added to the prescribed period.
Committee Notes
[No Change]
RULE 7.050. COMMENCEMENT OF ACTION; STATEMENT OF CLAIM
(a) Commencement.
(1) [No Change]
(2) Party Not Represented by Attorney to Sign. A party, individual, or corporation who or which has no attorney handling such cause shall sign that party’s statement of claim or other paper and state that party’s address and telephone number, including area code, and may include an e-mail address. However, if the trial court in its discretion determines that the plaintiff is engaged in the business of collecting claims and holds such claim being sued upon by purchase, assignment, or management arrangement in the operation of such business, the court may require that corporation to provide counsel in the prosecution of the cause. A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. all parties or their attorneys, if any, must be stated on the statement of claim. A party not represented by an attorney may include an e-mail address. Additionally, attorneys shallmust include their Florida Bar number on all papers filed with the court, as well as an e-mail address, in compliance with the Florida Rules of Judicial Administration.
(b) Parties. The names, addresses, and telephone numbers, including area code, of
(c)-(e) [No Change]
Committee Notes
[No Change]
Court Commentary
[No Change]
RULE 7.080. SERVICE OF PLEADINGS AND PAPERS OTHER THAN STATEMENT OF CLAIM
(a) [No Change]
(b) How Made. When a party is represented by an attorney, service of papers other than the statement of claim and notice to appear shall be made on the attorney unless the court orders service to be made on the party. When an attorney is serving another attorney, service must be made in compliance with the Florida Rules of Judicial Administration. In all other instances, sService shallmust be made by delivering the paper to the party or the party’s attorney, as the case may be, or by mailing it to the party’s last known address.
(c)-(d) [No Change]
(e) Certificate of Service.
(1) When any party or attorney in substance certifies:
“I certify that a copy hereof has been furnished to (here insert name or names and address or addresses) by (delivery)
*537 (mail) (e-mail if an attorney) on (date).
Party or party’s attorney”
the certificate is prima facie proof of such service in compliance with all rules of court and law.
(2) [No Change]
(f) [No Change]
Court Commentary
[No Change]
RULE 8.085. PREHEARING MOTIONS AND SERVICE
(a) [No Change]
(b) Service of Pleadings and Papers.
(1) [No Change]
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Unless excused by the court, Sservice upon the attorney or party shall be made by electronic mail (email) consistent with the requirements of Florida Rule of Judicial Administration 2.516. Service on and by all parties who are not represented by an attorney and who do not designate an e-mail address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy or by mailing it to the attorney or party’s last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(A)-(E) [No Change]
(3) — (4) [No Change]
(5) Certificate of Service. When any authorized person shall in substance certify:
“I certify that a copy/copies has/have been furnished to (insert name or names) by (e-mail) (delivery) (mail) (fax) on (date).
Title”
the certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.
(6) People Who May Certify Service. Service of pleadings and orders required to be served as provided by subdivision (2) may be certified by an attorney of record, clerk or deputy clerk, court, or authorized agent of the Department of Juvenile Justice in the form provided in subdivision (b)(5).
(c)Format for E-mail Service. All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words “SERVICE OF COURT DOCUMENT” in all capital letters, followed by the case number of the proceeding in which the documents are being served. The body of the e-mail must identify the court in which the proceeding is pending, the case number, the name of the parties on each side, the style of the proceeding, the title of each document served with that e-mail, and the sender’s name and telephone number. Any e-mail which, together with its attachments, exceeds five megabytes (5MB) in size, must be divided and sent as separate e-mails, numbered in the subject line, no one of which may exceed 5 MB in size.
4e)(d) Time for Service of Motions and Notice of Hearing. Service by e-mail is complete upon transmission and must be treated as service by mail for the computation of time. An e-mail is deemed served on the date of transmission, unless the sender learns that the e-mail did not reach *538 the address of the person to be served. If e-mail service is excused, Aa copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(4)(e) Additional Time After Service by Mail. Whenever service by mail is permitted, and a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper and the notice or paper is served by mail, 5 days shall be added to the prescribed period.
4e)(f) Pleading to Be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in the attorney’s individual name by such attorney, whose mailing address, primary e-mail address and telephone number, including area code, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit.
ffXg) Pleading to Be Signed by Unrepresented Party. A party who has no attorney but represents himself or herself shall sign the written pleading or other paper to be filed and state his or her primary e-mail address, mailing address, and telephone number, including area code.
fgXh) Effect of Signing Pleading. The signature of a person shall constitute a certificate that the paper or pleading has been read; that to the best of the person’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.
(i) Service of Orders. A copy of all orders must be transmitted by the court or under its direction to all parties at the time of the entry of the order. The court may require that orders be prepared by a party, may require the party to furnish the court with stamped addressed envelopes for service of the order or judgment, and may require that proposed orders be furnished to all parties before entry by the court of the order. The court may serve any order by e-mail to all attorneys who were not excused from e-mail service and to all parties not represented by an attorney who have designated an e-mail address for service. This subdivision is directory, and a failure to comply with it does not affect the order or its finality or any proceedings arising in the matter.
Committee Notes
[No Change]
RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS
(a)-(b) [No Change]
(c) Notice and Service of Pleadings and Papers.
(l)-(4) [No Change]
(5) Method of Service. When service is required or permitted to be made upon a party or participant represented by an attorney, service shall be made upon the attorney unless service upon the party or participant is ordered by the court.
*539 (A) Excusing of Service. Service is excused if the identity or residence of the party or participant is unknown and a diligent search for that person has been completed in accordance with law.
(-B-)-Service upon-the attorney shall be made by delivering a copy to the attorney or by mailing-it to the attorney’s last known-address.
(C) Delivery of a copy within-this rule shall mean:
(i) handing it to the attorney;
(ii-)~leaving it at-the attorney’s office with-the- person-in.charge thereof; (iii) if there is no-one in charge -of the office, leaving-it-a conspicuous place therein; or
(iv) -transmitting- it by facsimile to ■the attorney’s-or party’s office with a cover sheet containing the sender’s name, firm, address, telephone ■number, and facsimile number,-the ■number of pages transmitted, -and the recipient’s facsimile — number. When sendee-is made by-facsimile,a- copy shall also be served by-any other method- permitted- by -this rute-Facsimile — service—occurs when transmission is completo.
(D) If the party-or participant is not-represented by-an-attorney, service of all-pleadings-or-papers shall be ■upon the party or participant. — Service-may be made by mail to-the party’s — or—participant’s—permanent ■mailing address, if one has been provided to the court)-to the last-known-address, if a permanent mailing-address has-not been- provided to the court; or-by leaving-it-at their usual place of abode with- some person of their family above 15 years of age-and informing such person of the ■contents.-
(E)■Service by mail-shall be complete upon mailing.
(6) Filing. The-filing of-pleadings and other paper-s with the court-as required by- these-rules shall - be made by filing the original with-the cler-k-of the court either before service or- immediately thereafter — The court may permit the ■papers to-be fíled-^vith it, -im-which event the filing date shall- be -noted thereon and the-papers shall be transmitted to the-office-of-the clerk.
(-7) Certificate — of Sendee. — When any authorized person shall in substance certify:
“I certify that a copy/copies has/havo been-furnished to (insert names or namos) by (delivery) (mail) (fax) on (date).
Ti&fi
th-is-certificate shaíl-be tafeen-as prima facie proof-of such-service -in - compliance with all rules of court and law-.- -The certificate must-be signed-by the-attorney of record) clerk-or deputy clerks judicial assistant, or judge.
(B) Service by Electronic Mail (“E-mail”). Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.
(i) Service on Attorneys. Upon appearing in a proceeding, an attorney must serve a designation of a primary e-mail address and may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding. Every document filed by an attorney thereafter must include the primary e-mail address of that attorney and any secondary e-mail addresses. If an attorney does not *540 designate any e-mail address for service, documents may be served on that attorney at the e-mail address on record with The Florida Bar.
(ii) Exception to E-mail Service on Attorneys. Service by an attorney on another attorney must be made by e-mail unless excused by the court. Upon motion by an attorney demonstrating that the attorney has no e-mail account and lacks access to the Internet at the attorney’s office, the court may excuse the attorney from the requirements of e-mail service. Service on and by an attorney excused by the court from e-mail service must be by the means provided in subdivision (c)(6) of this rule.
(iii) Service on and by Parties Not Represented by an Attorney. Any party not represented by an attorney may serve a designation of a primary e-mail address and also may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding. If a party not represented by an attorney does not designate an e-mail address for service in a proceeding, service on and by that party must be by the means provided in subdivision (c)(6) of this rule.
(iv) Format of E-mail for Service. All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words “SERVICE OF COURT DOCUMENT” in all capital letters, followed by the case number of the proceeding in which the documents are being served. The body of the e-mail must identify the court in which the proceeding is pending, the case number, the name of the initial party on each side, the title of each document served with that e-mail, and the sender’s name and telephone number. Any e-mail which, together with its attachments, exceeds five megabytes (5MB) in size, must be divided and sent as separate emails, numbered in the subject line, no one of which may exceed 5MB in size.
(v) Time of Service. Service by email is complete upon transmission and must be treated as service by mail for the computation of time. An e-mail is deemed served on the date of transmission, unless the sender learns that the e-mail did not reach the address of the person to be served.
(6) Service by Other Means. In addition to, and not in lieu of, service by email, service may also be made upon attorneys by any of the means specified in this subdivision. Service on and by all parties and participants who are not represented by an attorney and who do not designate an e-mail address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or participant at their permanent mailing address if one has been provided to the court or to the party, participant, or attorney at their last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail is complete upon mailing. Delivery of a copy within this rule is complete upon:
(A) handing it to the attorney or to the party or participant,
*541 (B) leaving it at the attorney’s, party’s or participant’s office with a clerk or other person in charge thereof,
(C) if there is no one ifa charge, leaving it in a conspicuous place there-⅛
(D) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with some person of his or her family above 15 years of age and informing such person of the contents, or
(E) transmitting it by facsimile to the attorney’s, party’s, or participant’s office with a cover sheet containing the sender’s name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy must also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete.
(F) Service by delivery shall be deemed complete on the date of the delivery.
(7) Filing. All original documents must be filed with the court either before service or immediately thereafter. If the original of any bond or other document is not placed in the court file, a certified copy must be so placed by the clerk.
(8) Filing Defined. The filing of documents with the court as required by these rules must be made by filing them with the clerk, except that the .judge may permit documents to be filed with the judge, in which event the .judge must note the filing date before him or her on the documents and traiismit them to the clerk. The date of filing is that shown on the face of the document by the .judge’s notation or the clerk’s time stamp, whichever is earlier.
(9)Certificate of Service. When any attorney certifies in substance:
“I certify that a copy hereof has been furnished to (here insert name or names and addresses used for service) by (e-mail) (delivery) (mail) (fax) on . (date)
Attorney”
the certifícate must be taken as prima facie proof of such service in compliance with this rule.
(10) Service by Clerk. When the clerk is required to serve notices and other documents, the clerk may do so by e-mail or by another method permitted under subdivision (c). Service by a clerk is not required to be by e-mail.
(11) Service of Orders.
(A) A copy of all orders or judgments must be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. No service need be made on parties against whom a default has been entered except orders setting an action for trial and final judgments that must be prepared and served as provided in subdivision (c)(ll)(B). The court may require that orders or judgments be prepared by a party, may require the party to furnish the court with stamped addressed envelopes for service of the order or judgment, and may require that proposed orders and judgments be furnished to all parties before entry by the court of the order or judgment. The court may serve any order or judgment by e-mail to all attorneys who have not been excused from email service and to all parties not represented by an attorney who have *542 designated an e-mail address for service.
(B) When a final judgment is entered against a party in default, the court must mail a conformed copy of it to the party. The party in whose favor the judgment is entered must furnish the court with a copy of the judgment, unless it is prepared by the court and with the address of the party to be served. If the address is unknown, the copy need not be furnished.
(C) This subdivision is directory and a failure to comply with it does not affect the order or judgment or its finality or any proceedings arising in the action.
RULE 8.635. PROCESS
(a) [No Change]
(b) Service of Pleadings and Papers.
(1) When Required. Unless the court orders otherwise, or a statute or supreme court administrative order specifies a different means of service, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoenas be served.
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made-by delivering-a copy to the attorney — or party--or — by-mailing it to the-attor-ney-or party^s-last known address or, if no address is known, by leaving it with-the clerk of the court. Service-by mail shall be complete-upon-mailings — Delivery- of a.copy within this rule^ shall mean:
(A) handing it to the attorney or the- party;
(B) leaving-it-at the attorney’s office with the-person in-charge thereof;
(C) if there is no one hi charge of the office, leaving it in a conspicuous place therein;
CD) if the office is closed or the person to serve has-no-office,-leaving it at the party’s usual-place of abode with some person of the family above ■15-years of age and informing such person of the contents thereof; or
(-E) ■ transmitting it by-facsimile to the attorney’s or party-s-efiice with-a-cover sheet containing — the sender’s name, firm, address, telephone number, and facsimile number, the number of pages transmitted, and the recipient’s — facsimile—number.—When service is made by facsimile, a copy shall also be — served by--any other method permitted-by this rule. — Fae-simile service occurs when transmission is complete,
(A) Service by Electronic Mail (“E-mail”). Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk. Any document served by e-mail may be signed by any of the 7s/,” 7s,” or “s/” formats, so long as the filed original is signed in accordance with the applicable rules of court.
(i) Service on Attorneys. Upon appearing in any proceeding, an attorney must serve a designation of a *543 principal e-mail address and may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding. Every document filed by an attorney thereafter must include in the signature block the principal e-mail address of that attorney and any secondary e-mail addresses. If an attorney does not designate any e-mail address for service, documents may be served on that attorney at the e-mail address on record with The Florida Bar.
(ii) Exception to E-mail Service on Attorneys. Service by an attorney on another attorney must be made by e-mail unless excused by the court. Upon motion by an attorney demonstrating that the attorney has no e-mail account and lacks access to the Internet at the attorney’s office, the court may excuse the attorney from the requirements of e-mail service. Service on and by an attorney excused by the court from e-mail service must be by the means provided in subdivision (b)(2)(B) of this rule.
(iii) Service on and by Parties not Represented by an Attorney. Any party not represented by an attorney may serve a designation of a principal e-mail address and also may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding by the means provided in subdivision (b)(2)(A) of this rule. If a party not represented by an attorney does not designate an email address for service in a proceeding, service on and by that party must be by the means provided in subdivision (b)(2)(B) of this rule.
(iv) Format of E-mail for Service. All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words “SERVICE OF COURT DOCUMENT” in all capital letters, followed by the case number of the proceeding in which the documents are being served. The body of the e-mail must identity the court in which the proceeding is pending, the case number, the name of the initial party on each side, the title of each document served with that e-mail, and the sender’s name and telephone number. Any e-mail which, together with its attachments, exceeds five megabytes (5MB) in size, must be divided and sent as separate emails, numbered in the subject line, no one of which may exceed 5MB in size.
(v) Time of Service. Service by email is complete upon transmission and must be treated as service by mail for the computation of time. An e-mail is deemed served on the date of transmission. If the sender learns that the e-mail did not reach the address of the person to be served, the sender must immediately serve another copy by e-mail, or by a means authorized by subdivision (b)(2)(B) of this rule.
(B) Service by Other Means. In addition to, and not in lieu of, service by e-mail, service may also be made upon attorneys by the means specified in this subdivision. Service on and by all parties who are not represented by an attorney and who do not designate an e-iriail address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the *544 party or attorney at their last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail is complete upon mailing. Delivery of a copy within this rule is complete upon:
(i) handing it to the attorney or to the party;
(ii) leaving it at the attorney’s or party’s office with a clerk or other person in charge thereof;
(iii) if there is no one in charge, leaving it in a conspicuous place there-⅛
(iv) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with some person of his or her family above 15 years of age and informing such person of the contents; or
(v) transmitting it by facsimile to the attorney’s or party’s office with a cover sheet containing the sender’s name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy must also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete.
(vi) Service by delivery shall be deemed complete on the date of the delivery.
(C) Numerous Parties. In an action where the parties are unusually numerous, the court may regulate the service contemplated by these rules on motion or on its own initiative in such manner as may be found to be just and reasonable.
(3)Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter, unless otherwise provided for by general law or other rules. If the original of any bond or document is not placed in the court file, a certified copy may be so placed by the clerk.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of court-except that the court may permit the papers to -be-filed with it in which event the-filing date shall be noted-thereonand-they shall-be transmitted to-the office-of-the clerkexcept that the judge may permit documents to be filed with the judge, in which event the judge must note the filing date before him or her on the documents and transmit them to the clerk. The date of filing is the date shown on the face of the document by the judge’s notation or the clerk’s time stamp, whichever is earlier.
(5) Certificate of Service. When any authorized-personattorney shall in substance certify:
“I certify that a copy/copies has/have been furnished to (insert name or names) by (email) (delivery) (mail) (fax) on (date).
Title”
this certificate shall be taken as prima facie proof of such service in compliance with tfaethis rulesof court and lawr — The certificate-must-be'signed by the attorney-of- record, clerk-or deputy-clerk, judicial assistant, or judge.
(6)Service by Clerk. When the clerk is required to serve notices and other documents, the clerk may do so by e-mail or by any other method permitted in subdivision (b)(2). Service by a clerk is not required to be by e-mail.
(c) Service of Orders. A copy of all orders or judgments must be transmitted *545 by the court or under its direction to all parties at the time of entry of the order or judgment. The court may require that orders or judgments be prepared by a party, may require the party to furnish the court with stamped addressed envelopes for service of the order or judgment, and may require that proposed orders and judgments be furnished to all parties before entry by the court of the order or judgment. The court may serve any order or judgment by e-mail to all attorneys who have designated an e-mail address for service and to all parties not represented by an attorney who have designated an e-mail address for service. This subdivision is directory and a failure to comply with it does not affect the order or its finality or any proceedings arising in the action.
FORM 8.903. CERTIFICATE OF SERVICE
I certify that a copy of.(document) . has been furnished to . (name(s)) . by e-mail/U.S.mail/hand delivery/fax on.(date).
(Title)
Committee Notes
[No Change]
RULE 9.420. FILING; SERVICE OF COPIES; COMPUTATION OF TIME
(a)Filing.
(1) Generally. Filing may be accomplished by-filing vrith-the clerk; — provided that a justice or judge may accept the documents for filing,-and shall note the filing-date and — immediately' transmit them-to the office of-the-clerkin a manner in conformity with the requirements of Florida Rule of Judicial Administration 2.516.
(2) [No Change]
(b) [No Change]
(c) Method of Service. -I-f.service is ■required or-permitted-to-be-made on a party represented-by--an attorney, service shall be made on the attorney unless service-on the-party is ordered-by the court. Service on-the attorney or-party shall bo made-by delivering a copy te-the-attorney or party or-by mailing it to-the attorney or party-at the last known address or, if no address is-known,-by- leaving- it with the eler-k-of"the court. — Delivery -of-a copy within this rule shall mean -(A) handing it to-the attorney or to the party, or (B) leaving it at-the attorney's or-party’s office with-the clerk or other person in charge ■thereof» or-(C) if there is no-one in charge, leaving it ⅛-a-conspicuous place therein, or 4D)-if- the -office is closed or the person to be served-has no office, leaving it at the attorney’s or party’s usual-place of abode with-some-per-son- of the attorney’s or party's--family — above 15 years of age and informing-such person of — the.contents, Service by-mail shall-be complete- on mail-ingrService of every document filed in a proceeding governed by these rules (including any briefs, motions, notices, responses, petitions, and appendices) shall be made in conformity with the requirements of Florida Rule of Judicial Administration 2.516, except that the initial document filed in a proceeding governed by these rules (including any notice to invoke jurisdiction, notice of appeal, or petition for an original writ) shall be served both by e-mail pursuant to rule 2.516(b)(1) and in paper form pursuant to rule 2.516(b)(2).
(d) Proof of Service. A certificate of service by an attorney that complies in substance with the requirements of Florida Rule of Judicial Administration 2.516(f) and a certificate of service by a pro se party that complies in substance with the appropriate form below shall be taken as *546 prima facie proof of service in compliance with these rules. The certifícate shall specify the party each attorney represents.
(1) Attorneys
I certify that a copy hereof has been-furnished to ... (here insert name or-names) ... by ... (delivery)(mail) — ——on ... (date) . .'■■■■
Attorney-for .(name-of party)--.- — ... (address and phone-number) ... Florida Bar No. ....
(2)By Pro Se Inmate:
I certify that I placed this document in the hands of ... (here insert name of institution official) ... for mailing to ... (here insert name or names and addresses used for service) ... on ... (date) ...
.. (name) ...
.. (address) ...
.. (prison identification number) ...
(g)(2) By Other Pro Se Litigants: I certify that a copy hereof has been furnished to ... (here insert name or names and addresses used for service) ... by ... (e-mail) (delivery) (mail) ... on ... (date) ...
... (name) ...
... (address) ...
... (phone number) ...
(e)-(f) [No Change]
Committee Notes
[No Change]
Court Commentary
[No Change]
RULE 12.040. ATTORNEYS
(a)-(b) [No Change]
(c)Scope of Representation.
(1) If an attorney appears of record for a particular limited proceeding or matter, as provided by this rule, that attorney shall be deemed “of record” for only that particular proceeding or matter. Any notice of limited appearance filed shall include the name, address, ⅜ mail address(es), and telephone number of the attorney and the name, address, and telephone number of the party. If the party designates e-mail address(es) for service on and by that party, the party’s e-mail address(es) shall also be included. At the conclusion of such proceeding or matter, the attorney’s role terminates without the necessity of leave of court, upon the attorney filing a notice of completion of limited appearance. The notice, which shall be titled “Termination of Limited Appearance,” shall include the names and last known addresses of the person(s) represented by the withdrawing attorney.
(2) [No Change]
(d) Preparation of Pleadings or Other Documents. A party who files a pleading or other document of record pro se with the assistance of an attorney shall certify that the party has received assistance from an attorney in the preparation of the pleading or other document. The name, address, and telephone number of the party shall appear on all pleadings or other documents filed with the court. If the party designates e-mail address(es) for service on and by that party, the party’s email address(es) shall also be included.
(e) Notice of Limited Appearance. Any pleading or other document filed by a limited appearance attorney shall state in bold type on the signature page of that pleading or other document: “Attorney for [Petitioner] [Respondent] [attorney’s address, e-mail address(es), and telephone number] for the limited purpose of [matter or proceeding]” to be followed by the name *547 of the petitioner or respondent represented and the current address and telephone number of that party. If the party designates e-mail address(es) for service on and by that party, the party’s e-mail addressees) shall also be included.
(£) [No Change]
Committee Notes
2012 Amendment. Subdivisions (c), (d), and (e) are amended to provide e-mail addresses in accordance with Florida Rule of Judicial Administration 2.516.
RULE 12.080. SERVICE OF PLEADINGS AND PAPERS
(a) Service.
(1) Family Law Actions Generally. Service of pleadings and papers after commencement of all family law actions except domestic, repeat, dating, and sexual violence shall be as set forth in Florida Rule of Civil Procedure 1.080Judicial Administration 2.516, except that rule L68Q2.516 shall also apply to service on the party during the attorney’s limited appearance as provided in rule 12.040(f) and be expanded as set forth in subdivisions (b) and (c) to include additional requirements for service of recommended orders and for service on defaulted parties.
(2) [No Change]
(b) Service and Preparation of Orders and Judgments. A copy of all orders or judgments involving family law matters except domestic, repeat, dating, and sexual violence shall be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. The court may require that recommended orders, orders, or judgments be prepared by a party. If the court requires that a party prepare the recommended order, order, or judgment, the party shall furnish the court with stamped, addressed envelopes to all parties for service of the recommended order, order, or judgment. The court may also require that any proposed recommended order, order, or judgment that is prepared by a party be furnished to all parties no less than 24 hours before submission to the court of the recommended order, order, or judgment.
(c)Defaulted Parties. No service need be made on parties against whom a default has been entered, except that:
(1) [No Change]
(2) Notice of final hearings or trials and court orders shall be served on defaulted parties in the manner provided for service of pleadings and papers contained in Florida Rule of Civil Procedure LQgQJudicial Administration 2.516.
(3) Final judgments shall be served on defaulted parties as set forth in Florida Rule of Civil-Procedure 1.080(h)(2)Ju-dicial Administration 2.516(h).
Commentary
[No Change]
Committee Notes
2012 Amendment. Subdivision (a)(1) is amended to provide for service on the party during the attorney’s limited appearance. Subdivision (a)(1), (c)(2), and (c)(3) are amended to provide for service in accordance with Florida Rule of Judicial Administration 2.516.
RULE 12.090. TIME
Time shall be governed by Florida Rule of Civil Procedure 1.090, except that an additional 5 days added to the prescribed period after service, as provided in rule 1.090(e), shall also apply to service by email.
*548 Committee Notes
2012 Amendment. The rule is amended to treat e-mail service as service by mail for the computation of time in accordance with Florida Rule of Judicial Administration 2.516(b)(l)(D)(iii).
RULE 12.170. COUNTERCLAIMS AND CROSSCLAIMS
Counterclaims and crossclaims shall be governed by Florida Rule of Civil Procedure 1.170, except that service of a cross-claim on a party who has appeared in the action, as provided in rule 1.170(g), shall be made pursuant to Florida Rule of Judicial Administration 2.516(b).
Committee Notes
2012 Amendment. This rule is amended to provide for service in accordance with Florida Rule of Judicial Administration 2,516.
RULE 12.285. MANDATORY DISCLOSURE
(a) [No Change]
(b) Time for Production of Documents.
(1) Temporary Financial Hearings. Any document required under this rule in any temporary financial relief proceeding shall be served on the other party for inspection and copying as follows.
(A) [No Change]
(B) The responding party shall serve the required documents on the party seeking relief on or before 5:00 p.m., 2 business days before the day of the temporary financial hearing if served by delivery or 7 days before the day of the temporary financial hearing if served by mail or e-mail, unless the documents have been received previously by the party seeking relief under subdivision (b)(2) of this rule. A responding party shall be given no less than 12 days to serve the documents required under this rule, unless otherwise ordered by the court. If the 45-day period for exchange of documents provided for in subdivision (b)(2) of this rule will occur before the expiration of the 12 days, the provisions of subdivision (b)(2) control.
(2) [No Change]
(c)-(m) [No Change]
Commentary
[No Change]
Committee Notes
1997-2005 Amendments. [No Change]
2012 Amendment._Subdivision (b)(1)(B) is amended to provide for e-mail service in accordance with Florida Rule of Judicial Administration 2.516.
RULE 12.351. PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION
Production of documents and things without deposition shall be governed by Florida Rule of Civil Procedure 1.351 , except that a party desiring production under this rule, as provided in rule 1.351(b), shall serve notice as provided in Florida Rule of Judicial Administration 2.516 on every other party of the intent to serve a subpoena under this rule at least 10 days before the subpoena is issued if service is by delivery and 15 days before the subpoena is issued if the service is by mail or e-mail.
Committee Notes
2012 Amendment. This rule is amended to provide for service in accordance with Florida Rule of Judicial Administration 2.516.
*549 RULE 12.410. SUBPOENA
Subpoenas shall be governed by Florida Rule of Civil Procedure 1.410, except as follows:
(a)-(c) [No Change]
(d) Production of Evidence at Trial. A party seeking production of evidence at trial, as provided in rule 1.410(c), which would be subject to a subpoena, as provided in rule 1.410(c), may compel such production by serving a notice to produce such evidence on an adverse party as provided in Florida Rule of Judicial Administration 2.516.
Committee Note
2008 Amendment. [No Change]
2012 Amendment. This rule is amended to provide for service in accordance with Florida Rule of Judicial Administration 2.516.
RULE 12.440. SETTING ACTION FOR TRIAL
Florida Rule of Civil Procedure 1.440 shall govern general provisions concerning setting an action for trial in family law matters, with the following exceptions and additions.
(a) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order setting the action for trial, fixing a date for trial, and setting a pretrial conference, if necessary. In the event a default has been entered, reasonable notice of not less than 10 days shall be given unless otherwise required by law. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Florida Rule of Judicial Administration 2.516. Trial shall be set within a reasonable time from the service of the notice for trial. At the pretrial conference, the parties should be prepared, consistent with Florida Family Law Rule of Procedure 12.200, to present any matter that will prepare the parties for trial and that can expedite the resolution of the case. The trial court may also direct the parties to reciprocally exchange and file with the court all documents relative to the outcome of the case; a list of all witnesses, all issues to be tried, and all undisposed motions; an estimate of the time needed to try the case; and any other information the court deems appropriate. Any court filings shall be in conformity with Florida Rule of Judicial Administration 2.425. This information should be served and filed no later than 72 hours before the pretrial conference or 30 days before the trial.
(b) [No Change]
Commentary
[No Change]
RULE 12.510. SUMMARY JUDGMENT
Summary judgment shall be governed by Florida Rule of Civil Procedure 1.510, except that service by the adverse party, as set forth in for rule 1.510(c), shall be on the movant in accordance with Florida Rule of Judicial Administration 2.516.
Committee Notes
2012 Amendment. This rule is amended to state who the adverse party serves and provide for service in accordance with Florida Rule of Judicial Administration 2.516.
RULE 12.611. CENTRAL GOVERNMENTAL DEPOSITORY
(a) [No Change]
(b) Payments to Public Officer.
(1) — (2) [No Change]
(3) Payment may be enforced by the party entitled to it or the court may establish a system under which the officer issues a motion for enforcement and a notice of hearing in the form approved by the supreme court. The motion and notice shall be served on the defaulting party in person-or by mailin accordance with Florida Rule of Judicial Administration 2.516. At the hearing the court *550 shall enter an appropriate order based on the testimony presented to it.
Commentary
[No Change]
Committee Notes
2012 Amendment. Subdivision (b)(3) is amended to provide for service in accordance with Florida Rule of Judicial Administration 2,516.
RULE 12.615 CIVIL CONTEMPT IN SUPPORT MATTERS
(a) [No Change]
(b) Motion and Notice. Civil contempt may be initiated by motion. The motion must recite the essential facts constituting the acts alleged to be contemptuous. No civil contempt may be imposed without notice to the alleged contemnor and without providing the alleged contemnor with an opportunity to be heard. The civil contempt motion and notice of hearing may be served by mailin accordance with Florida Rule of Judicial Administration 2,516 provided notice by mail is reasonably calculated to apprise the alleged contemnor of the pendency of the proceedings. The notice must specify the time and place of the hearing and must contain the following language: “FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.” This notice must also state whether electronic recording or a court reporter is provided by the court or whether a court reporter, if desired, must be provided by the party.
(c)-(g) [No Change]
Commentary
[No Change]
Committee Notes
2012 Amendment. Subdivision (b) is amended to provide for service in accordance with Florida Rule of Judicial Administration 2.516.
RULE 12.630. EXTRAORDINARY REMEDIES
Extraordinary remedies shall be governed by Florida Rule of Civil Procedure 1.630, except summons in certiorari, as set forth in rule 1.630(d)(5), shall be served as provided in Florida Rule of Judicial Administration 2.516.
Committee Notes
2012 Amendment. This rule is amended to provide for service in accordance with Florida Rule of Judicial Administration 2.516.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(b), NOTICE OF LIMITED APPEARANCE (09/12)
When should this form be used?
This form should be used to provide notice to the court and the other attorney or party when an attorney is making a limited appearance for a client under Florida Family Law Rule of Procedure 12.040.
This form should be typed or printed in black ink. After completing and signing this form, the attorney should file the original with the clerk of the circuit court in the county in which the action is pending and keep a copy for his or her records.
What should I do next?
A copy of this form must be served on the other party or his or her attorney and on the attorney’s client in the manner required by Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
See Florida Family Law Rule of Procedure 12.040 and Florida Rule of Judicial Administration 2.516.
*551 [[Image here]]
*552 [[Image here]]
*553 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(c), CONSENT TO LIMITED APPEARANCE BY ATTORNEY (09/12)
When should this form be used?
This form should be used for a client to give consent when an attorney is making a limited appearance for the client under Florida Family Law Rule of Procedure 12.040.
This form should be typed or printed in black ink. After completing this form, the client should sign it. The attorney or client should then file it with the clerk of the circuit court in the county in which the action is pending. The attorney and client should each keep a copy for his or her records.
What should I do next?
A copy of this form must be served on the other party or his or her attorney. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
See Florida Family Law. Rule of Procedure 12.040.
*554 [[Image here]]
*555 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(d), TERMINATION OF LIMITED APPEARANCE (09/12)
When should this form be used?
This form should be used by an attorney who is terminating a limited appearance for a client under Florida Family Law Rule of Procedure 12.040.
This form should be typed or printed in black ink. After completing this form, the attorney should sign it and then file it with the clerk of the circuit court in the county in which the action is pending. The attorney should keep a copy for his or her records.
What should I do next?
A copy of this form must be served on the other party or his or her attorney and *556 on the attorney’s client. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
See Florida Family Law Rule of Procedure 12.040.
[[Image here]]
*557 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(e), ACKNOWLEDGMENT OF ASSISTANCE BY ATTORNEY (09/12)
When should this form be used?
This form should be added to the signature page of any petition, pleading, or motion when an attorney making a limited appearance under Florida Family Law Rule of Procedure 12.040 has assisted the petitioner or respondent in the preparation of the document. The petitioner or respondent should then sign the pleading and include his/her name and address.
Where can I get more information?
See the instructions to Florida Family Law Rules of Procedure Forms 12.900(b)-(d) and Rule 12.040.
*558 [[Image here]]
*559 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(f), SIGNATURE BLOCK FOR ATTORNEY MAKING LIMITED APPEARANCE (09/12)
When should this form be used? This signature block should be used on any form filed with the court when the attorney is making a limited appearance under Florida Family Law Rule of Procedure 12.040.
Where can I look for more information?
See Florida Family Law Rule of Procedure 12.040(e).
[[Image here]]
*560 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(g), AGREEMENT LIMITING REPRESENTATION (09/12)
When should this form be used?
This form should be used as a “rider” or supplemental agreement, in addition to an Attorney-Client fee agreement, between the attorney and client when the attorney is making a limited appearance under Rules Regulating Florida Bar 4-1.2(c), 4-4.2(b), and 4-4.3(b) and Florida Family Law Rule of Procedure 12.040. A limited appearance means the attorney is not handling the whole case for the client, but is only being retained to do a specific part of the case.
Where can I look for more information?
See Rules Reg. Fla. Bar 4-1.2(c), 4-4.2(b), and 4-4.3(b) and Florida Family Law Rule of Procedure 12.040.
*561 [[Image here]]
*562 [[Image here]]
*563 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(h), NOTICE OF RELATED CASES (09/12)
When should this form be used?
Florida Rule of Judicial Administration 2.545(d) requires the petitioner in a family law case to file with the court a notice of related cases, if any. Your circuit may also require this form to be filed even if there are no related cases. A case is considered related if:
• it involves the same parties, children, or issues and is pending when the family law case is filed; or
*564 • it affects the court’s jurisdiction to proceed; or
• an order in the related case may conflict -with an order on the same issues in the new case; or
• an order in the new case may conflict with an order in the earlier case.
This form is used to provide the required notice to the court.
This form should be typed or printed in black ink. It must be filed with the clerk of the circuit court with the initial pleading in the family law case.
What should I do next?
A copy of the form must be served on the presiding judges, either the chief judge or the family law administrative judge, and all parties in the related cases. You should also keep a copy for your records. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see Florida Rule of Judicial Administration 2.545(d).
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*565 [[Image here]]
*566 [[Image here]]
*567 [[Image here]]
*568 [[Image here]]
*569 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(b), FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM) (09/12)
When should this form be used?
This form should be used when you are involved in a family law ease which requires a financial affidavit and your individual gross income is UNDER $50,000 per year unless:
(1) You are filing a simplified dissolution of marriage under rule 12.105 and both parties have waived the filing of a financial affidavit;
*570 (2) You have no minor children, no support issues, and have filed a written settlement agreement disposing of all financial issues; or
(3) The court lacks jurisdiction to determine any financial issues.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be served on the other party in your case within 45 days of being served with the petition, if it is not served on him or her with your initial papers. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.
Special notes ...
If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
The affidavit must be completed using monthly income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.
Hourly — If you are paid by the horn’, you may convert your income to monthly as follows:
Hourly amount x Hours worked per week = Weekly amount
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount -s- 12 Months per year = Monthly Amount
Daily — If you are paid by the day, you may convert your income to monthly as follows:
Daily amount x Days worked per week = Weekly amount
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount h- 12 Months per year = Monthly Amount
Weekly — If you are paid by the week, you may convert your income to monthly as follows:
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount -⅞- 12 Months per year = Monthly Amount
Bi-weekly — If you are paid every two weeks, you may convert your income to monthly as follows:
Bi-weekly amount x 26 = Yearly amount
Yearly amount 12 Months per year = Monthly Amount
Semi-monthly — If you are paid twice per month, you may convert your income to monthly as follows:
Semi-monthly amount x 2 = Monthly Amount
*571 Expenses may be converted in the same manner.
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*572 [[Image here]]
*573 [[Image here]]
*574 [[Image here]]
*575 [[Image here]]
*576 [[Image here]]
*577 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULE OF PROCEDURE FORM 12.902(c), FAMILY LAW FINANCIAL AFFIDAVIT (LONG FORMX09/12)
When should this form be used?
This form should be used when you are involved in a family law case which requires a financial affidavit and your individual gross income is $50,000 OR MORE per year unless:
(1) You are filing a simplified dissolution of marriage under rule 12.105 and both parties have waived the filing of financial affidavits;
*578 (2) you have no minor children, no support issues, and have filed a written settlement agreement disposing of all financial issues; or
(3) the court lacks jurisdiction to determine any financial issues.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be served on the other party in your case within 45 days of being served with the petition, if it is not served on him or her with your initial papers. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.
Special notes ...
If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
The affidavit must be completed using monthly income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.
Hourly — If you are paid by the hour, you may convert your income to monthly as follows:
Hourly amount x Hours worked per week = Weekly amount
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount -*■ 12 Months per year = Monthly Amount
Daily — If you are paid by the day, you may convert your income to monthly as follows:
Daily amount x Days worked per week = Weekly amount
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount + 12 Months per year = Monthly Amount
Weekly — If you are paid by the week, you may convert your income to monthly as
follows:
Weekly amount x 52 Weeks per year = Yearly amount
Yearly amount 12 Months per year = Monthly Amount
Bi-weekly — If you are paid every two weeks, you may convert your income to monthly as follows:
Bi-weekly amount x 26 = Yearly amount
Yearly amount -r- 12 Months per year = Monthly Amount
Semi-monthly — If you are paid twice per month, you may convert your income to monthly as follows:
Semi-monthly amount x 2 = Monthly Amount
Expenses may be converted in the same manner.
Remember, a person who is NOT an attorney is called a nonlawyer. If a non- *579 lawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*580 [[Image here]]
*581 [[Image here]]
*582 [[Image here]]
*583 [[Image here]]
*584 [[Image here]]
*585 [[Image here]]
*586 [[Image here]]
*587 [[Image here]]
*588 [[Image here]]
*589 [[Image here]]
*590 [[Image here]]
*591 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(e), CHILD SUPPORT GUIDELINES WORKSHEET (09/12)
When should this form be used?
You should complete this worksheet if child support is being requested in your case. If you know the income of the other party, this worksheet should accompany your financial affidavit. If you do not know the other party’s income, this form must be completed after the other party files his or her financial affidavit, and serves a copy on you.
*592 This form should be typed or printed in black ink. You should file the original with the clerk of the circuit court in the county where your ease is filed and keep a copy for your records.
What should I do next?
A copy of this form must be served on the other party in your case. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.80, Florida Statutes.
Special notes ...
If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
The chart below contains the guideline amounts that you should use when calculating child support. This amount is based on the number of children and the combined income of the parents, and it is divided between the parents in direct proportion to their income or earning capacity. From time to time, some of the amounts in the child support guidelines chart will change. Be sure you have the most recent version of the chart before using it.
Because the guidelines are based on monthly amounts, it may be necessary to convert some income and expense figures from other frequencies to monthly. You should do this as follows:
Monthly amount If payment is twice per month Payment amount X
Yearly amount due If payment is every two weeks Payment amount to Ci X
Monthly amount Yearly amount H DO
Yearly amount due If payment is weekly Weekly amount Ol M X
Monthly amount Yearly amount H to
If you or the other parent request that the court award an amount that is different than the guideline amount, you must also complete and attach a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943.
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*593 [[Image here]]
*594 [[Image here]]
*595 [[Image here]]
*596 [[Image here]]
*597 [[Image here]]
*598 [[Image here]]
*599 [[Image here]]
*600 [[Image here]]
*601 [[Image here]]
*602 [[Image here]]
*603 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.910(a), SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL (09/12)
When should this form be used?
This form should be used to obtain personal service on the other party when you begin your lawsuit. Service is required for all documents filed in your case. Service means giving a copy of the required papers to the other party using the procedure that the law requires. Generally, there are two ways to make service: (1) personal service, or (2) service by e-mail, mail, or hand delivery. A third method for service is called constructive service; *604 however, the relief a court may grant may be limited in a case where constructive service has been used.
The law requires that certain documents be served by personal service if personal service is possible. Personal service means that a summons (this form) and a copy of the forms you are filing with the court that must be personally served are delivered by a deputy sheriff or private process server
• directly to the other party, or
• to someone over the age of fifteen with whom the other party lives.
Personal service is required for all petitions, including petitions for modification. You cannot serve these papers on the other party yourself or by mail or hand delivery. Personal sendee must be made by the sheriffs department in the county where the other party lives or works or by a private process server certified in the county where the other party lives or works.
In many counties, there are private process servers who, for a fee, will personally serve the summons and other documents that require personal service. You should look under process servers in the yellow pages of the telephone book for a list of private process servers in your area. You may use a private process server to serve any paper required to be personally served in a family law case except a petition for injunction for protection against domestic or repeat violence.
How do I start?
When you begin your lawsuit, you need to complete this form (summons) and a Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b). The forms should be typed or printed legibly in black ink. Next, you will need to take these forms and, if you have not already done so, file your petition with the clerk of the circuit court in the county where you live. You should keep a copy of the forms for your records. The clerk will sign the summons, and then the summons, a copy of the papers to be served, and the process service memorandum must be delivered to the appropriate sheriffs office or to a private process server for service on the other party.
IF THE OTHER PARTY LIVES IN THE COUNTY WHERE SUIT IS FILED: Ask the clerk in your county about any local procedures regarding service. Generally, if the other party lives in the county in which you are filing suit and you want the sheriffs department to serve the papers, you will file the summons along with a Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b), with the clerk and the clerk will forward those papers to the sheriff for service. Make sure that you attach a copy of the papers you want personally served to the summons. You may also need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party. However, in some counties the sheriff may send the proof of service directly to the clerk. If you are instructed to supply a self-addressed, stamped envelope and you receive the proof of service, you should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier’s check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. *605 The costs for service may be waived if you are indigent.
If you want a private process server to serve the other party, you should still bring the summons to the clerk’s office and have the clerk sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.
IF THE OTHER PARTY LIVES IN ANOTHER COUNTY: If the other party lives in another county, service needs to be made by a sheriff in the county where the other party lives or by a private process server certified in the county where the other party lives. Make sure that you attach a copy of the papers you want personally served to the summons as well as the Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b). If you want the sheriff to serve the papers, the clerk may send your papers to that sheriffs office for you, or you may have to send the papers yourself. The clerk will tell you which procedure to use. Either way, you will need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party. You should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier’s check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.
If you want a private process server to serve the other party, you should still bring the summons to the clerk’s office where the clerk will sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.
IF THE OTHER PARTY CANNOT BE LOCATED OR DOES NOT LIVE IN FLORIDA: If, after you have made a diligent effort to locate the other party, you absolutely cannot locate the other party, you may serve the other party by publication. Service by publication is also known as constructive service. You may also be able to use constructive service if the other party does not live in Florida. However, Florida courts have only limited jurisdiction over a party who is served by constructive service and may have only limited jurisdiction over a party living outside of Florida regardless of whether that party is served by constructive or personal service; that is, the judge’s power to order the other party to do certain things may be limited. For example, the judge may be able to grant your request for a divorce, but the judge may not be able to address issues such as child support, spousal support (alimony), or division of property or debts.
*606 Regardless of the type of service used, if the other party once lived in Florida but is living outside of Florida now, you should include in your petition a statement regarding the length of time the party lived in Florida, if any, and when. For example: Respondent last lived in Florida from {date } _ to {date }_
This area of the law is very complex and you may need to consult with an attorney regarding the proper type of service to be used in your case if the other party does not live in Florida or cannot be located.
What happens when the papers are served on the other party?
The date and hour of service are written on the original summons and on all copies of it by the person making the service. The person who delivers the summons and copies of the petition must file a proof of service with the clerk or provide a proof of service to you for filing with the court. It is your responsibility to make sure the proof of service has been returned to the clerk and placed in your case file.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information regarding service of process, see chapters 48 and 49, Florida Statutes, and rule 1.070, Florida Rules of Civil Procedure, as well as the instructions for Notice of Action for Dissolution of Marriage (No Child or Financial Support), Florida Supreme Court Approved Family Law Form 12.913(a)(1), Notice of Action for Family Cases with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.913(a)(2), Affidavit of Diligent Service and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b), and Affidavit of Diligent Search, Florida Family Law Rules of Procedure Form 12.913(c).
Special notes ...
If you have been unable to obtain proper service on the other party within 120 days after filing your lawsuit, the court will dismiss your lawsuit against the other party unless you can show the court a good reason why service was not made within 120 days. For this reason, if you had the local sheriff serve the papers, you should check with the clerk every couple of weeks after completing the service papers to see if service has been completed. You may need to supply the sheriff with a new or better address. If you had a private process server or a sheriff in another county serve the papers, you should be in contact with that person or sheriff until you receive proof of service from that person or sheriff. You should then file the proof of service with the clerk immediately.
If the other party fails to respond, i.e., fails to file a written response with the court, within 20 days after the service of the summons, you are entitled to request a default. See the instructions to Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), and Default, Florida Supreme Court Approved Family Law Form 12.922(b), for further information. You will need to file an Affidavit of Military Service, Florida Supreme Court Approved Family Law Form 12.912(b), before a default may be granted.
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*607 [[Image here]]
*608 [[Image here]]
*609 [[Image here]]
*610 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.915,
DESIGNATION OF CURRENT MAILING AND E-MAIL ADDRESS (09/12)
When should this form be used?
This form should be used to inform the clerk and the other party of your current mailing and e-mail address(es) or any change of address. It is very important that the court and the other party in your case have your correct address.
A party not represented by an attorney may choose to designate e-mail address(es) for service. A primary and up to two secondary e-mail addresses can be designated. If you do so and the other party is represented by an attorney or has also designated e-mail address(es) for service, e-mail will be the exclusive means of service.
If there is any change in your mailing or e-mail address(es), you must complete a new form, file it with the clerk, and serve a copy on any other party or parties in your case.
What should I do next?
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records. A copy of this form must be served on any other party in your case. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*611 [[Image here]]
*612 [[Image here]]
*613 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORMS 12.920(a), MOTION FOR REFERRAL TO GENERAL MAGISTRATE, 12.920(b), ORDER OF REFERRAL TO GENERAL MAGISTRATE, and 12.920(c), NOTICE OF HEARING BEFORE GENERAL MAGISTRATE (09/12)
When should these forms be used?
A general magistrate is an attorney appointed by a judge to take testimony and recommend decisions on certain matters connected with a divorce. These recommendations are then reviewed by the judge and are generally approved unless contrary to the law or the facts of the case. The primary purposes of having general magistrates hear family law matters are to reduce the costs of litigation and to speed up cases. Either party may request that their case, or portions of their case, be heard by a general magistrate _ by filing Motion for Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(a). You must also prepare an Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), to submit to the judge assigned to your case.
Many times, the court, either on its own motion or under current administrative orders of the court, may refer your case to a general magistrate. Even in those instances, you may be required to prepare and submit an Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), to the judge.
Once a general magistrate has been appointed to your case, the general magistrate will assign a time and place for a hearing as soon as reasonably possible after the referral is made. The general magistrate will give notice of that hearing to each of the parties directly or will direct a party or attorney in the case to file and serve a notice of hearing on the other party. If you are asked to send the notice of hearing, you will need to use the form entitled Notice of Hearing Before General Magistrate, Florida Family Law Rules of Procedure Form 12.920(c). Regardless of who prepares the notice of hearing, the moving party (the one who requested referral to the general magistrate) is required to have the notice properly served on the other party.
These forms should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
If you are filing a Motion for Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(a), you need to send or deliver your motion directly to the judge assigned to your case, along with an Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), and an addressed, stamped envelope for each party in the case. The judge will then either grant or deny the motion, usually without a hearing.
If you are required to submit an Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), to the judge assigned to your case, you will need to send or deliver the order directly to the judge, along with addressed, stamped envelopes for each party in the case.
The party who prepares any of these forms must file the original with the clerk of the circuit court. A copy of the motion must be served on any other party in your case. Service must be in accordance with *614 Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.490.
Special notes ...
IMPORTANT: After the judge refers your case to a general magistrate, either party (including the party who was required to prepare and submit the Order of Referral) may object to the referral within 10 days of the date that the referral is made (if the Order of Referral is served by mail, the parties have an additional 5 days within which to object to the referral). Every litigant is entitled to have his or her case heard by a judge. However, before you decide to object to an Order of Referral to General Magistrate, you should consider the potential extra costs and time delays that may result from having a judge hear your case instead of a general magistrate. You may want to speak with an attorney in your area who can assist you in making a more informed decision regarding whether you should file an objection to an Order of Referral to General Magistrate.
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*615 [[Image here]]
*616 [[Image here]]
*617 [[Image here]]
*618 [[Image here]]
*619 [[Image here]]
*620 [[Image here]]
*621 [[Image here]]
*622 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(a), NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES (09/12)
When should this form be used?
You should use this form to tell the court that you are asking the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. The standard family law interrogatories are designed to supplement the information provided in the Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You *623 should carefully read the standard interrogatory forms, Florida Family Law Rules of Procedure Form 12.930(b) and (c), to determine which questions, if any, the other party needs to answer in order to provide you with information not covered by the financial affidavit forms.
This form should be typed or printed in black ink. You must indicate whether you are sending the interrogatories for original and enforcement proceedings or the interrogatories for modification proceedings. You must also indicate which questions you are asking the other party to answer. After completing this form you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
What should I do next?
You must serve the other party with a copy of this form along with an original and a copy of the appropriate interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) or (c), if service is by mail or hand delivery. You must serve a copy of this form and a copy of the interrogatories if service is by e-mail. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
You may want to inform the other party of the following information:
As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. Service of the answers must be in compliance with Florida Rule of Judicial Administration 2.516. His or her answers may be written on as many separate sheets of paper as necessary. He or she should number each page and indicate which question(s) he or she is answering, and be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do not file the original or a copy with the clerk of the circuit court except as provided in Florida Rule of Civil Procedure 1.340(e).
The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are bold underline in these instructions are defined there. For further information, see Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380, and Florida Rules of Civil Procedure 1.280, 1.340, and 1.380.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*624 [[Image here]]
*625 [[Image here]]
*626 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b), STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS (09/12)
When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your ease. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in original proceedings or enforcement proceedings and are meant to supplement the information provided in the Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer.
You must serve the other party with an original and a copy of these interrogatories and a copy of the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), if by mail or hand delivery. You must serve an original of these interrogatories and a copy of the Notice, if by e-mail. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure 12.930(a), to tell the court that you have sent this form to the other party.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380; and Florida Rules of Civil Procedure 1.280,1.340, and 1.380.
Special notes ...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. Service of the answers must be in accordance with Florida Rule of Judicial Administration 2.516. His or her answers shall be written in the blank space provided after each separately *627 numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. DO NOT FILE THE ORIGINAL OR A COPY WITH THE CLERK OF THE COURT EXCEPT AS PROVIDED BY FLORIDA RULE OF CIVIL PROCEDURE 1.340(e) AND IN ACCORDANCE WITH THE REQUIREMENTS OF FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425. The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*628 [[Image here]]
1. BACKGROUND INFORMATION:
a. State your full legal name and any other name by which you have been known.
b. State your present residence and telephone numbers.
2. EDUCATION:
a. List all business, commercial, and professional licenses that you have obtained.
b. List all of your education including, but not limited to, vocational or specialized training, including the following:
*629 (1) name and address of each educational institution.
(2) dates of attendance.
(3) degrees or certificates obtained or anticipated dates of same.
3. EMPLOYMENT:
a. For each place of your employment or self-employment during the last 3 years, state the following:
(1) name, address, and telephone number of your employer.
(2) dates of employment.
(3) job title and brief description of job duties.
(4) starting and ending salaries.
(5) name of your direct supervisor.
(6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity within the last 3 years that was not detailed above, state for each such activity the following:
(1) name, address, and telephone number of each activity.
(2) dates you were connected with such activity.
(3) position title and brief description of activities.
(4) starting and ending compensation.
(5) name of all persons involved in the business, commercial, or professional activity with you.
(6)all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
c.If you have been unemployed at any time during the last 3 years, state the dates of unemployment. If you have not been employed at any time in the last 3 years, give the information requested above in question 3.a for your last period of employment.
4. ASSETS:
a. Real Estate. State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years. For each property, state the following:
(1) the names and addresses of any other persons or entities holding any interest and their percentage of interest.
(2) the purchase price, the cost of any improvements made since it was purchased, and the amount of any depreciation taken.
(3) the fair market value on the date of your separation from your spouse.
(4) the fair market value on the date of the filing of the petition for dissolution of marriage.
b. Tangible Personal Property. List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collec *630 tions, and collectibles whose fair market value exceeds $100. For each item, state the following:
(1) the percentage and type of interest you hold.
(2) the names and addresses of any other persons or entities holding any interest.
(3) the date you acquired your interest.
(4) the purchase price.
(5) the present fair market value.
(6) the fair market value on the date of your separation from your spouse.
(7) the fair market value on the date of the filing of the petition for dissolution of marriage.
c. Intangible Personal Property. Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, including but not limited to, partnership and business interests (including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:
(1)the percentage and type of interest you hold.
(2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
(3) the date you acquired your interest.
(4) the purchase price, acquisition cost, or loaned amount.
(5) the fair market value or the amounts you claim are owned by or owed to you:
(a) presently, at the time of answering these interrogatories.
(b) on the date of your separation from your spouse.
(c) on the date of the filing of the petition for dissolution of marriage.
You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure),
d. Retirement Accounts: List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your *631 employer, or any previous employer. For each account, state the following:
(1) the name and last 4 digits of the account number of each account/plan and where it is located.
(2) the type of aecount/plan.
(3) the name and address of the fiduciary plan administrator/service representative.
(4) the fair market value of your interest in each account/plan.
(a) present value.
(b) value on the date of separation.
(c) value on the date of filing of the petition for dissolution of marriage
(5) whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.
(6) the date at which you became/become eligible to receive some funds in this account/plan.
(7) monthly benefits of the account/plan if no fair market value is ascertained.
(8) beneficiary(ies) and/or alternate pay-eels).
e. Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) the last 4 digits of account numbers.
(4) name of each person authorized to make withdrawals from the accounts.
(5) highest balance within each of the preceding 3 years.
(6) lowest balance within each of the preceding 3 years.
You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semiannual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).
f. Closed Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) the last 4 digits of account numbers.
(4) name of each person authorized to make withdrawals from the accounts.
(5) date account was closed.
g. Trust. For any interest in an estate, trust, insurance policy, or annuity, state the following:
(1) If you are the beneficiary of any estate, trust, insurance policy, or *632 annuity, give for each one the following:
(a)identification of the estate, trust, insurance policy, or annuity-
lb) the nature, amount, and frequency of any distributions of benefits.
(c) the total value of the beneficiaries’ interest in the benefit.
(d) whether the benefit is vested or contingent.
(2)If you have established any trust or are the trustee of a trust, state the following:
(a) the date the trust was established.
(b) the names and addresses of the trustees.
(c) the names and addresses of the beneficiaries.
(d) the names and addresses of the persons or entities who possess the trust documents.
(e) each asset that is held in each trust, with its fair market value.
h.Canceled Life Insurance Policies. For all policies of life insurance within the preceding 3 years that you no longer hold, own, or have any interest in, state the following:
(1) name of company that issued the policy and last 4 digits of policy number.
(2) name, address, and telephone number of agent who issued the policy.
(3) amount of coverage.
(4) name of insured.
(5) name of owner of policy.
(6) name of beneficiaries.
(7) premium amount.
(8) date the policy was surrendered.
(9)amount, if any, of monies distributed to the owner.
i. Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.
j. Safe Deposit Boxes, Lock Boxes, Vaults, Etc. For all safe deposit boxes, lock boxes, vaults, or similar types of depositories, state the following:
(1) The names and addresses of all banks, depositories, or other places where, at any time during the period beginning 3 years before the initiation of the action, until the date of your answering this interrogatory, you did any of the following:
(a) had a safe deposit box, lock box, or vault.
(b) were a signatory or co-signatory on a safe deposit box, lock box, or vault.
(c) had access to a safe deposit box, lock box, or vault.
(d) maintained property.
(2) The box or identification numbers and the name and address of each person who has had access to any such depository during the same time period.
(3) All persons who have possession of the keys or combination to the safe deposit box, lock box, or vault.
(4) Any items removed from any safe deposit boxes, lock boxes, vaults, or similar types of depositories by you or your agent during that time, together with the present location and fair market value of each item.
(5) All items in any safe deposit boxes, lock boxes, vaults, or similar *633 types of depositories and fair market value of each item.
5. LIABILITIES:
a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:
(1) name and address of the creditor.
(2) name in which the obligation is or was incurred.
(3) last 4 digits of loan or account number, if any.
(4) nature of the security, if any.
(5) payment schedule.
(6) present balance and current status of your payments.
(7) total amount of arrearage, if any.
(8) balance on the date of your separation from your spouse.
(9) balance on the date of the filing of the petition for dissolution of marriage.
You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semiannual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
b. Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of the creditor.
(2) name in which the account is or was maintained.
(3) names of each person authorized to sign on the accounts.
(4) last 4 digits of account numbers.
(5) present balance and current status of your payments.
(6) total amount of arrearage, if any.
(7) balance on the date of your separation from your spouse.
(8) balance on the date of the filing of the petition for dissolution of marriage.
(9) highest and lowest balance within each of the preceding 3 years.
You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure),
c.Closed Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each creditor.
(2) name in which the account is or was maintained.
(3) last 4 digits of account numbers.
*634 (4) names of each person authorized to sign on the accounts.
(5) date the balance was paid off.
(6) amount of final balance paid off. You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semiannual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
6. MISCELLANEOUS:
a. If you are claiming an unequal distribution of marital property or enhancement or appreciation of nonmarital property, state the amount claimed and all facts upon which you rely in your claim.
b. If you are claiming an asset or liability is nonmarital, list the asset or liability and all facts upon which you rely in your claim.
c. If the mental or physical condition of a spouse or child is an issue, identify the person and state the name and address of all health care providers involved in the treatment of that person for said mental or physical condition.
d. Detail your proposed parenting plan for the minor children), including your proposed time-sharing schedule. Alternatively, attach a copy of your proposed parenting plan.
e. If you are claiming that the other parent’s time-sharing with the minor child(ren) should be limited, supervised, or otherwise restricted, or that you should have sole parental responsibility for the minor children), with or without time-sharing with the other parent, or that you should have ultimate responsibility over specific aspects of the child(ren)’s welfare or that these responsibilities should be divided between you and the other parent, state your reasons and all facts which you rely upon to support your claim.
7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form 12.902(c), you must do so within the time to serve the answers to these interrogatories.
*635 [[Image here]]
*636 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(c), STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS (09/12)
When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You can *637 not ask these questions before the petition has been filed.)
The questions in this form should be used in modification proceedings and are meant to supplement the information provided in the Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer.
You must serve the other party with an original and a copy of these interrogatories and a copy of the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), if by mail or hand delivery. You must serve an original of these interrogatories and a copy of the Notice, if by e-mail. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.
After you receive the completed answers to the interrogatories, DO NOT FILE THE ORIGINAL OR A COPY WITH THE CLERK OF THE COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380; and Florida Rules of Civil Procedure 1.280,1.340, and 1.380.
Special notes
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, -within 30 days after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. Service of the answers must be in accordance with Florida Rule of Judicial Administration 2.516. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be an *638 swered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. DO NOT FILE THE ORIGINAL OR A COPY WITH THE CLERK OF THE CIRCUIT COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH THE REQUIREMENTS OF FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425. The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*639 [[Image here]]
1. BACKGROUND INFORMATION:
a. State your full legal name and any other name by which you have been known.
b. State your present residence and telephone numbers.
2. EDUCATION:
a. List all business, commercial, and professional licenses that you have obtained since the entry of the Final Judgment sought to be modified,
b. List all of your education since the entry of the Final Judgment sought to be modified including, but not limited to, vocational or specialized training, including the following:
(1) name and address of each educational institution.
(2) dates of attendance.
*640 (3)degrees or certificates obtained or anticipated dates of same.
3. EMPLOYMENT:
a. For each place of your employment or self-employment since the entry of the Final Judgment sought to be modified, state the following:
(1) name, address, and telephone number of your employer.
(2) dates of employment.
(3) job title and brief description of job duties.
(4) starting and ending salaries.
(5) name of your direct supervisor.
(6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity since the entry of the Final Judgment sought to be modified that was not detailed above, state for each such activity the following:
(1) name, address, and telephone number of each activity.
(2) dates you were connected with such activity.
(3) position title and brief description of activities.
(4) starting and ending compensation.
(5) name of all persons involved in the business, commercial, or professional activity with you.
(6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
c.If you have been unemployed at any time since the entry of the Final Judgment sought to be modified, state the dates of unemployment. If you have not been employed at any time since the entry of the Final Judgment sought to be modified, give the information requested above in question 3.a for your last period of employment.
4. ASSETS:
a. Real Estate. State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. For each property, state the following:
(1) the names and addresses of any other persons or entities holding any interest and their percentage of interest.
(2) the present fair market value.
b. Tangible Personal Property. List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:
(1) the percentage and type of interest you hold.
*641 (2) the names and addresses of any other persons or entities holding any interest.
(3) the present fair market value.
c. Intangible Personal Property. Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including but not limited to, partnership and business interests (including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:
(1) the percentage and type of interest you hold.
(2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you
(3) the present fair market value or the amounts you claim are owned by or owed to you, at the time of answering these interrogatories.
You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semiannual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished, then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).
d. Retirement Accounts: List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer. For each account, state the following:
(1) the name and last 4 digits of the account number of each account/plan and where it is located.
(2) the type of account/plan.
(3) the name and address of the fiduciary plan administrator/service representative.
(4) the present fair market value of your interest in each account/plan.
(5) whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.
(6) the date at which you became/become eligible to receive some funds in this account/plan.
*642 (7) monthly benefits of the account/plan if no fair market value is ascertained.
(8) beneficiaryfies) and/or alternate payee(s).
e. Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) last 4 digits of account numbers.
(4) names of each person authorized to make withdrawals from the accounts.
(5) highest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
(6) lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semiannual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).
f. Closed Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) last 4 digits of account numbers.
(4) name of each person authorized to make withdrawals from the accounts.
(5) date account was closed.
g. Trust. For any interest in an estate, trust, insurance policy, or annuity, state the following:
(1) If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
(a) identification of the estate, trust, insurance policy, or annuity.
(b) the nature, amount, and frequency of any distributions of benefits.
(c) the total value of the beneficiaries’ interest in the benefit.
(d) whether the benefit is vested or contingent.
(2) If you have established any trust or are the trustee of a trust, state the following:
(a) the date the trust was established.
*643 (b) the names and addresses of the trustees.
(c) the names and addresses of the beneficiaries.
(d) the names and addresses of the persons or entities who possess the trust documents.
(e) each asset that is held in each trust, with its fair market value.
h. Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.
5. LIABILITIES:
a.Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:
(1) name and address of the creditor.
(2) name in which the obligation is or was incurred.
(3) last 4 digits of loan or account number, if any.
(4) nature of the security, if any.
(5) payment schedule.
(6) present balance and current status of your payments.
(7) total amount of arrearage, if any. You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semiannual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 Mandatory Disclosure).
b. Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of the creditor.
(2) name in which the account is or was maintained.
(3) name of each person authorized to sign on the accounts.
(4) last 4 digits of account numbers.
(5) present balance and current status of your payments.
(6) total amount of arrearage, if any.
(7) highest and lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semiannual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
c. Closed Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no re *644 maining balance, within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each creditor.
(2) name in which the account is or was maintained.
(3) last 4 digits of account numbers.
[[Image here]]
(5} date the balance was paid off.
(6) amount of Anal batanee paid off.
You may comply with this Interrogatory (Sx) by providing copies of all periodic {monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to he modified, If shorter, 00 NOT Fill THESE DOCUMENTS IN THE COURT RLE, You do not have to resubmit account statements previously furnished under rule 12,285 (Mandatory Disclosure),
6. MISCELLANEOUS:
a. If you are claiming a diminished earning capacity since the entry of the Final Judgment sought to be modified* as grounds to modify alimony or deviate from the child support established In your case, describe In detail how your earning capacity ⅛ lowered and state all facts upon which you rely in your daim, if unemployed, state bow, why and when you test your job,
b. if you are claiming a change in mental or physical condition sine® the entry of the Final Judgment sought to be modified as grounds to modify alimony or change the child support established In your case, describe in detail how your mental and/or physical capacity has changed and state all facts upon which you rely in your claim. Identify the change In your mental andf/or physical capacity, and state the name and address of all health care providers Involved In the treatment of this mental or physical condition.
c. If you are requesting a change ¡«shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for the minorchW(ren), describe in detail the change in circumstances since the entry of the final Judgment sought to be modified that you feel Justify the requested change, state when the change of circumstances occurred, how the change or circumstances affects the children}, and why it 1s In the best interests of the chltd(ren) that the Court make the requested change, Attach your proposed parenting plan,
d If you do not feel the requested change in shared or sola parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for th e minor children) is in their best interests, or if you feel there has not been a change in circumstances since the entry of the. Final Judgment sought to be modified, describa in detail any farts since the entry of the Final Judgment sought to be modified that you feel justify the Court denying the requested change, State what requested change, if any, In shared or sole *645 parenting responsibility, ultimate decision-making, the time-sharing schedule, or of the parenting plan is Justified or agreeable to you and why It is In the best interests of the cfctld(ren).
*644 Florida Family Law Rules of Procedure Form J8,930(c), Standard Family taw interrogatories, for Modification Proceedings {09/12}
*645 7. LONS FORM AFFIDAVIT: If you filed the Short form Affidavit, Florida Family Law Rules of Procedure Form 12.302(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Forml2.9G2(c¡, you must do so within the time to serve the answers to these interrogatories.
[[Image here]]
*646 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.932, CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE (09/12)
When should this form be used?
Mandatory disclosure requires each party in a dissolution of marriage case to provide the other party with certain financial information and documents. These documents must be served on the other party within 45 days of service of the petition for dissolution of marriage or supplemental petition for modification on the respondent. The mandatory disclosure rule applies to all original and supplemental dissolution of marriage cases, except simplified dissolution of marriage cases and cases where the respondent is served by constructive service and does *647 not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule.
Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. ONLY THE ORIGINAL OF THE COMPLETED FORM IS FILED WITH THE COURT. EXCEPT FOR THE FINANCIAL AFFIDAVIT AND CHILD SUPPORT GUIDELINES WORKSHEET, NO DOCUMENTS SHALL BE FILED IN THE COURT FILE WITHOUT A PRIOR COURT ORDER. THE DOCUMENTS LISTED ON THE FORM ARE TO BE GIVEN TO THE OTHER PARTY. If your individual gross annual income is under $50,000, you should complete the Family Law Financial Affidavit (Short Form), Florida Family Law Rules of Procedure Form 12.902(b). If your individual gross annual income is $50,000 or more, you should complete the Family Law Financial Affidavit (Long Form), Florida Family Law Rules of Procedure Form 12.902(c).
In addition, there are separate mandatory disclosure requirements that apply to temporary financial hearings, which are listed in section 1 of this form. The party seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial hearing. The responding party must serve the required documents on the party seeking temporary relief. Service by email or mail shall be at least 7 days before the temporary financial relief hearing. Service by delivery shall be no later than 5:00 p.m., 2 business days before the hearing. Any documents that have already been served under the requirements for temporary or initial proceedings do not need to be reserved again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records. A copy of this form must be served on any other party in your case. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
What should I do next?
After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status or that make the information already provided inaccurate. You should not file with the clerk any of the documents listed in the certificate of compliance other than the financial affidavit and the child support guidelines worksheet. Refer to the instructions regarding the petition in your case to determine how you should proceed after filing this form.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.
Special notes ...
You may provide copies of required documents; however, the originals must be *648 produced for inspection if the other party requests to see them.
Although the financial affidavits are based on individual gross income, either party may ask the other party to complete the Family Law Financial Affidavit (Long Form), Florida Family Law Rules of Procedure Form 12.902(c), by serving the appropriate interrogatory form. (See Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) (original proceedings) or (c) (modification proceedings)).
Any portion of the mandatory disclosure rule may be modified by order of the judge or agreement of the parties. Therefore, you and your spouse may agree that you will not require each other to produce the documents required under the mandatory disclosure rule. This exception does not apply to the Financial Affidavit, Family Law Rules of Procedure Form 12.902(b) or (c), which is required in all cases and cannot be waived.
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*649 [[Image here]]
*650 [[Image here]]
*651 [[Image here]]
*652 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.996(b), NOTICE TO PAYOR (09/12)
When should this form be used?
This form should be used when an Income Deduction Order has been entered by the Court which is to take effect immediately.
This form should be typed or printed in black ink. After completing this form, the original of this form should be filed with the clerk of the circuit court in the county in which the action is pending. You should keep a copy for your own records.
What should I do next?
A copy of this form, and a copy of the Income Deduction Order, must be sent to the obligor’s payor by certified mail, return receipt requested. The return receipt should be sent to the person that prepared this form so that it can filed with the clerk along with Florida Family Law Rules of Procedure Form 12.996(c), Notice of Filing Return Receipt.
A copy of this form must also be served on the other party or his or her attorney. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.1301, Florida Statutes.
Special Instructions ...
The Obligor’s social security number must be written on the copies of the Notice to Payor that are mailed to the Obligor’s Payor and served on the other party or his or her attorney. The social security number should not be written on the copy of the Notice to Payor filed with the court.
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*653 [[Image here]]
3.You must forward, within 2 days after each date the obligor is entitled to payment from you, to the State of Florida Disbursement Unit, the amount deducted from the obligor’s income, a statement as to whether the amount totally or partially satisfies the periodic amount specified in the income deduction order, or in Title IV-D cases, income deduction notice, and the specific date each deduction is *654 made. If the IV-D agency is enforcing the order, you shall make these notifications to the agency.
4. If you fail to deduct the proper amount from the obligor’s income, you are liable for the amount you should have deducted, plus costs, interest, and reasonable attorneys’ fees;
5. You may collect up to $5 against the obligor’s income to reimburse you for administrative costs for the first income deduction and up to $2 for each deduction thereafter.
6. The notice to payor, or, in Title IVD cases, income deduction notice, and in the case of a delinquency, the notice of delinquency, are binding on you until further notice by the obligee, IV-D agency, or the court or until you no longer provide income to the obligor.
7. When you no longer provide income to the obligor, you shall notify the obligee and provide the obli-gor’s last known address and the name and address of the obligor’s new payor, if known. If you violate this provision, you are subject to a civil penalty not to exceed $250 for the first violation or $500 for any subsequent violation. If the IV-D agency is enforcing the order, you shall make these notifications to the agency instead of the obligee. Penalties shall be paid to the obli-gee or the IV-D agency, whichever is enforcing the income deduction order.
8. You shall not discharge, refuse to employ, or take disciplinary action against an obligor because of the requirement for income deduction. A violation of this provision subjects you to a civil penalty not to exceed $250 for the first violation or $500 for any subsequent violation. Penalties shall be paid to the obligee or the IV-D agency, whichever is enforcing the income deduction, if any alimony or child support obligation is owing. If no alimony or child support obligation is owing, the penalty shall be paid to the obligor.
9. The obligor may bring a civil action in the courts of this state against a payor who refuses to employ, discharges, or otherwise disciplines an obligor because of income deduction. The obligor is entitled to reinstatement of all wages and benefits lost, plus reasonable attorneys’ fees and costs incurred.
10. The requirement for income deduction has priority over all other legal processes under state law pertaining to the same income and that payment, as required by the notice to payor or the income deduction notice, is a complete defense by the payor against any claims of the ob-ligor or his or her creditors as to the sum paid.
11. When you receive notices to payor or income deduction notices requiring that the income of two or more obligors be deducted and sent to the same depository, the payor may combine the amounts that are to be paid to the depository in a single payment as long as the payments attributable to each obligor are clearly identified.
*655 [[Image here]]
*656 [[Image here]]
*657 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.996(c) NOTICE OF FILING RETURN RECEIPT (09/12)
When should this form be used?
This form should be used when an Income Deduction Order, Florida Family Law Rules of Procedure Form 12.996(a), is entered by the court and a Notice to Payor, Florida Family Law Rules of Procedure Form 12.996(b), has been sent by certified mail to the obligor’s payor. When the post office returns the return receipt to you showing that the obligor’s payor has received the Notice to Payor, you should type or print this form in black ink. After completing this form, you should sign it and attach the return receipt you received from the post office. The original of this form (and the attached return receipt) should be filed with the clerk of the circuit court in the county in which the action is pending. You should keep a copy for your own records.
What should I do next?
A copy of this form must also be served on the other party or his or her attorney. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.1301, Florida Statutes.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*658 [[Image here]]
*659 [[Image here]]

. Although the Criminal Procedure Rules Committee endorsed new rule 2.516, it also expressed concerns in the original joint report related to making e-mail service mandatory in criminal cases. These concerns are discussed later in this opinion.

. The Court’s order indicated that the work-group should include, but not be limited to, *507 representatives from the Criminal Procedure Rules Committee, the Florida Prosecuting Attorneys Association, the Florida Public Defender Association, and the Florida Association of Court Clerks and Comptrollers.

. Service on or by attorneys excused from email service and service on or by pro se litigants who do not designate an e-mail address must be made in accordance with rule 2.516(b)(2). This subdivision of the rule provides for service by delivering a copy of the document or by mailing it to the party or attorney at their last known address or, if no address is known, by leaving it with the clerk of the court.

. Subdivision (b)(l)(D)(iii) provides that email service is treated as service by mail for the computation of time.

. This includes juvenile delinquency proceedings, dependency and termination of parental rights proceedings, and proceedings for families and children in need of services.

. The RJA Committee should review whether any changes to the rules of procedure are necessary to accommodate e-mail service in Baker Act proceedings. Similarly, the Criminal Court Steering Committee, together with the RJA Committee, should review whether any changes to the rules are necessary to accommodate e-mail service in Jimmy Ryce proceedings. If these committees determine that rule amendments are necessary, they may file proposed rule amendments with the Court.